Steven R. Levy, Fife, WA, for debtors.

James A. Connolly, Olympia, WA, for creditor.

In re Ronald L. **RENFRO** and Lana Y. Renfro, Debtors.

Bankruptcy No. 92–33794.

United States Bankruptcy Court, W.D. Washington.

Jan. 31, 1994.

## ORDER ON MOTIONS TO REOPEN AND TO ADD CREDITORS

PHILIP H. BRANDT, Bankruptcy Judge.

Debtors Ronald L. and Lana Y. Renfro filed their Petition for relief under Chapter 7 on 26 August 1992. The Order and Notice re Meeting of Creditors, Deadlines, and Automatic Stay was entered 14 September 1992, and mailed the following day. Under "DEADLINES", the Order and Notice provides:

CLAIMS. DO NOT FILE A CLAIM AT THIS TIME. If assets are discovered that may result in a payment to creditors, you will be notified of a deadline for filing claims.

On 6 October 1992, the Trustee filed his Report of No Distribution, and the Discharge Order was entered 7 December 1992.

The Renfros had not scheduled Jay Hillis as a creditor, and now have moved to reopen the case and amend their schedules to do so. Evidently Renfros had stored a number of grocery store freezer cases in Hillis's barn some years back. In 1991, they sued Hillis in a dispute over the appropriate rental amount, and in July of 1991 obtained an

Order authorizing them to remove the freezer cases upon posting of a $4,000 bond, which would cover the amount of rent at issue whoever prevailed. The record in this case does not establish when they posted the bond, but in any event it was not until July of 1992 that, accompanied by a Deputy Sheriff, they came to the barn with a truck to remove the cases. The Sheriff showed Hillis proof that the bond was in place, and the Renfros were allowed to take the freezer cases. The weight of the truck used to remove them damaged the concrete slab floor of the barn.

Thereafter Hillis obtained his present counsel, who moved in July of 1993 to amend his state court pleadings to seek rent (or to recover *quantum meruit* the value of the storage) and damages for the slab. Hillis first learned in August of 1993 of the Renfros' Petition in bankruptcy. The Renfros later answered Hillis's Amended Complaint *pro se*, and the matter was set for mandatory arbitration under the local state court rule on 19 November 1993.

On 3 November 1993, Debtors moved to reopen this case and to add Hillis as an unsecured creditor.[1] Hillis opposes reopening, arguing he has been prejudiced: first, Renfros did not schedule the freezer cases as assets, nor did they disclose any transfer of them, or their litigation with Hillis, in their Statement of Financial Affairs.[2] Had Hillis been scheduled, and therefore notified of the case, he could have advised the trustee of

potential assets.[3] Additionally, Hillis has incurred significant attorney's fees in the Superior Court which might have been avoided had he known of the bankruptcy. Finally, Hillis asserts his claim arises from the willful and malicious injury by the Renfros, and is non-dischargeable under § 523(a)(6).

Section 350(b) of the Bankruptcy Code[4] authorizes reopening of a closed case "... to administer assets, to accord relief to the debtor, or for other cause." In *In re Beezley*, 994 F.2d 1433 (1993), the Ninth Circuit, equating discharge with "relief", held the scheduling of an omitted debt in a no asset, no claims-bar date Chapter 7 case does not afford relief to debtors, and that denial of reopening for that purpose was not an abuse of discretion.

■■■ Under § 523(a)(3)(B), the criterion for discharge of a debt nondischargeable under § 523(a)(6) is the creditor's actual knowledge of the bankruptcy case in time to file a complaint to determine dischargeability[5] rather than scheduling. Presumably, *Beezley* would allow reopening to allow Renfros to file an adversary proceeding to determine if their debt to Hillis was discharged, or perhaps to schedule the omitted debt if doing so would provide a practical benefit to Debtors, whether or not they obtain any legally-cognizable relief. Renfros have not indicated an intention to file an adversary proceeding, nor articulated a practical benefit, nor any other cause.

I do not here decide whether Renfros' debt to Hillis was discharged: that question involves facts and issues[6] not now before me,

---

1. This is a core proceeding and this Court has jurisdiction. 28 U.S.C. §§ 157(b)(2)(A) and (O) and 1334; GR 7, Local Rules W.D.Wash.

2. Question 4A of the Statement of Financial Affairs, Official Form 7, requires debtors to "list all *suits to which debtor is or was a party* **within one year** immediately proceeding the filing of this bankruptcy case." *Renfro v. Hillis*, Thurston County (Washington) Superior Court No. 91-2-01480-6, was pending when Renfros filed their petition.

Question 10 follows a number of questions regarding repossessions, gifts, etc., and requires *debtors to* "list all *other property, other than* property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security **within one year** immediately proceeding the commencement

of this case." Renfros had reclaimed possession of the freezer cases within the month prior to their petition.

3. Renfros filed affidavits in Superior Court indicating that the freezer cases had a value of $60,000, and offered to settle the rent dispute by selling the approximately 20 freezer cases to Hillis for $1,000 each.

4. 11 U.S.C.: references to "§", "Section" or to "Chapter" without more, are to the Bankruptcy Code.

5. Here, 4 December 1992, by operation of Rule 4007(c), Fed.R.Bankr.P.

6. Possibly constitutional: see *In re Ford*, 159 B.R. 590 (Bkrtcy., D.Or.1993), holding application of § 523(a)(3)(A) to discharge plaintiff's

and remains for another day.[7]

The motions are DENIED.

---

money judgment would violate her procedural due process rights under the Fifth Amendment of the U.S. Constitution, and *In re Reese*, 133 B.R. 245 (Bkrtcy., M.D.Fla.1991), reaching a similar result.

**7.** And perhaps another court: notwithstanding the contrary statement in *In re Ellwanger*, 105 B.R. 551, at 553 (9th Cir. BAP 1989), state courts may have concurrent jurisdiction to determine

dischargeability under 11 U.S.C. § 523(a)(3). See, *In re Mitchell*, 132 B.R. 585 (S.D.Ind.1991), *In re Rosenbaum*, 150 B.R. 994 (E.D.Tenn.1993), *In re Orr*, 99 B.R. 109 (Bkrtcy., S.D.Fl.1989) (State court has concurrent jurisdiction over determination of dischargeability under § 523(a)(5) of debt to former spouse.) and *In re Thibodeau*, 136 B.R. 7 (Bkrtcy., D.Mass.1992) (State court may determine dischargeability under § 523(a)(3)(B)).