**In re Richard L. TURNER and Genevieve M. Turner, Debtors.**

**Pamela M. WRIGHT and Barr, Sinclair & Hill, Appellees,**

v.

**Richard L. TURNER, Appellant.**

BAP No. EC–96–1591–JeRO.
Bankruptcy No. 92–28790–B–7.
Adversary No. 93–2007.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted on Briefs Nov. 21, 1996.

Decided Jan. 2, 1997.

Richard L. Turner, Redding, CA, appellant in pro. per.

Lauren E. Leisz, Dugan, Barr & Associates, Redding, CA, for appellees Pamela Wright, Barr, Sinclair & Hill.

Before: JELLEN [1], RUSSELL, and OLLASON, Bankruptcy Judges.

## OPINION

JELLEN, Bankruptcy Judge:

The debtor appeals a bankruptcy court order granting the creditors' motion for summary judgment on their nondischargeability complaint under Bankruptcy Code § 523(a)(6) (willful and malicious injury) [2]. The bankruptcy court grounded its ruling on the collateral estoppel effect of a prebankruptcy judgment. We REVERSE and REMAND.

## FACTS

Appellee Pamela L. Wright ("Wright") is a former employee of the debtor, Richard L. Turner ("Turner"). Prior to Turner's chapter 7 petition, Wright filed a complaint against Turner in the California municipal court alleging that Turner, while Wright's employer, had trapped her in a car and subjected her to abusive physical behavior and sexual advances. Wright's complaint alleged five causes of action: assault, battery, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Following trial, the jury came down with a general verdict awarding Wright general damages in the sum of $10,000 and punitive damages in the sum of $15,000. The jury made no findings, and its verdict did not specify the causes of action on which it based its award.

On October 6, 1992, Turner filed his chapter 7 petition. Thereafter, on October 15, 1992, the municipal court entered its judgment on the verdict (the "Municipal Judgment"). On October 23, 1992, Turner filed in the municipal court a notice of intention to move for a new trial. On November 4, 1992, Wright and her municipal court counsel, appellee Barr, Sinclair & Hill (the "Barr firm"), filed a motion in the municipal court seeking an award of attorneys' fees pursuant to California Government Code § 12965(b) (West 1996) [3]. The municipal court never heard or ruled on Turner's motion for a new trial, nor Wright's motion for an award of attorneys' fees.

Subsequently, Wright filed a complaint against Turner under § 523(a)(6) [4]. Wright then moved for summary judgment, based on the collateral estoppel effect of the jury verdict and Municipal Judgment. The bankruptcy court granted the motion, and concurrently awarded Wright and the Barr firm attorneys' fees pursuant to California Government Code § 12965(b).

The bankruptcy court held that the Municipal Judgment was final for collateral estoppel purposes notwithstanding the automatic stay under § 362(a)(1) [5] and the decision in

---

1. Hon. Edward D. Jellen, Bankruptcy Judge for the Northern District of California, sitting by designation.

2. Except as otherwise noted, all section references herein are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, as in effect for cases filed before October 22, 1994.

3. This provision allows courts to award attorneys' fees to certain successful plaintiffs that bring sexual harassment claims against their employers.

4. Section 523(a)(6) provides:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

5. Section 362(a)(1) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or

*Ingersoll–Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424 (9th Cir.1987). *Ingersoll–Rand* held that § 362(a)(1) stays appeals *by the debtor* of an adverse judgment in a lawsuit originally brought against the debtor. *Id.* at 1426. The bankruptcy court reasoned that § 108(b)[6] provided Turner with an extended deadline to appeal the Municipal Judgment, which deadline had passed in the absence of an appeal, and that this extended deadline "trumped" the tolling effect of § 362(a)(1)'s stay of further proceedings by Turner in the municipal court. Thus, according to the bankruptcy court, the Municipal Judgment became final 60 days following the order for relief, by operation of § 108(b).

The bankruptcy court also held that each cause of action of the municipal court complaint alleged facts sufficient to exclude the debt from the discharge under § 523(a)(6), and that the general verdict therefore established facts for collateral estoppel purposes sufficient to entitle Wright to summary judgment.

Turner's timely appeal followed.

### ISSUES

1. Was the Municipal Judgment void as having been entered in violation of the automatic stay?

2. Did the bankruptcy court err in holding that the Municipal Judgment was final for collateral estoppel purposes?

3. Did the bankruptcy court err in holding that the general jury verdict was sufficient for collateral estoppel purposes to support Wright's motion for summary judgment under § 523(a)(6)?

to recover a claim against the debtor that arose before the commencement of the case under this title;

**6.** Section 108(b) provides:

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before

### STANDARD OF REVIEW

This appeal presents only questions of law, which we review *de novo.* *In re Holm,* 931 F.2d 620, 622 (9th Cir.1991). The interpretation of § 362(a) is a question of law, and is thus subject to *de novo* review. *See In re Stringer,* 847 F.2d 549, 551 (9th Cir.1988). The availability of collateral estoppel is also a question of law subject to *de novo* review. *In re Russell,* 76 F.3d 242, 244 (9th Cir.1996).

### DISCUSSION

#### A. Is the Municipal Judgment Void?

The initial question that this appeal presents, which the parties did not raise or brief[7], is whether the municipal court ever entered an effective judgment. As noted above, the Municipal Judgment was entered eight days after the date of Turner's bankruptcy petition. There is no indication in the record, however, that Wright obtained relief from the automatic stay provided by § 362(a)(1) to permit entry of the Municipal Judgment.

Some authority exists for the proposition that entry of a postbankruptcy judgment after a court has rendered a prebankruptcy decision on the merits is a mere "ministerial act" that is not subject to the automatic stay. *Rexnord Holdings, Inc. v. Bidermann,* 21 F.3d 522, 527 (2d Cir.1994). In this circuit, however, the question of a "ministerial act" exception remains open. Authority also exists for the proposition that § 362(a) is subject to an implied exception for a "technical violation" that does not cause damage. *See In re Brooks,* 79 B.R. 479 (9th Cir. BAP 1987), aff'd, 871 F.2d 89 (9th Cir.1989). In *In re Schwartz,* 954 F.2d 569, 575 (9th Cir.

the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
(2) 60 days after the order for relief.

**7.** The Panel may, in its discretion, consider issues of law *sua sponte,* including issues on which the bankruptcy court has not ruled. *Matter of Pizza of Hawaii, Inc.,* 761 F.2d 1374, 1379 (9th Cir.1985); *see also In re Verco Industries,* 704 F.2d 1134, 1138 (9th Cir.1983).

1992), the court of appeals declined to rule on the validity of this possible exception.

■ The bankruptcy judge did not address these questions, nor have the parties briefed them. If, however, the municipal court entered the Municipal Judgment in violation of the automatic stay, it would be void. *Schwartz,* 954 F.2d at 571. A void judgment cannot be given collateral estoppel effect[8]. Therefore, we reverse and remand so that the bankruptcy judge may determine whether the Municipal Judgment was entered in violation of the automatic stay.

■ We note that a bankruptcy judge may, in appropriate cases, retroactively annul the automatic stay. *Schwartz,* 954 F.2d at 572; *In re Kissinger,* 72 F.3d 107, 109 (9th Cir.1995). Consequently, on remand, the bankruptcy judge may also determine whether grounds exist for annulment of the automatic stay with respect to entry of the Municipal Judgment.

### B. *Finality of the Municipal Judgment.*

Even if the Municipal Judgment is not void, reversal of the judgment below would be mandated because the bankruptcy court erred in holding that the Municipal Judgment was final for collateral estoppel purposes.

■ Principles of collateral estoppel apply in § 523(a) proceedings. *Grogan v. Garner,* 498 U.S. 279, 284–85 n. 11, 111 S.Ct. 654, 657–58 n. 11, 112 L.Ed.2d 755 (1991). Bankruptcy courts must look to state law to determine the collateral estoppel effect of state court judgments. *Russell,* 76 F.3d at 244; *In re Nourbakhsh,* 67 F.3d 798, 800 (9th Cir.1995); *see also* 28 U.S.C. § 1738 (federal courts must give "full faith and credit" to state court judgments).

■ The following are the elements of collateral estoppel under California law: (1) the issue sought to be precluded from litigation must be identical to that litigated in the former proceeding, (2) the issue must have been actually litigated in the former proceeding, (3) the issue must have been necessarily decided in the former proceeding, (4) the decision in the former proceeding must have been final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding. *Lucido v. Superior Court,* 51 Cal.3d 335, 341, 272 Cal. Rptr. 767, 795 P.2d 1223, *cert. denied,* 500 U.S. 920, 111 S.Ct. 2021, 114 L.Ed.2d 107 (1991). The party asserting collateral estoppel bears the burden of establishing the foregoing requirements. *Lucido,* 51 Cal.3d at 341, 272 Cal.Rptr. 767, 795 P.2d 1223. *See also Pardo v. Olson & Sons, Inc.,* 40 F.3d 1063, 1066 (9th Cir.1994).

■ Generally, federal court judgments are considered final for collateral estoppel purposes, even when the judgment is on appeal. *Robi v. Five Platters, Inc.,* 838 F.2d 318, 327 (9th Cir.1988). The majority of state courts adhere to the same rule. *Sandoval v. Superior Court,* 140 Cal.App.3d 932, 937, n. 2, 190 Cal.Rptr. 29, 32, n. 2 (1983). California, however, does not follow the majority rule. Rather,

> California law is settled that *pending* appeal, a trial court judgment is not final and will not be given res judicata effect (Code Civ.Proc. § 1049)[;] once the appeal is settled favorably to the plaintiff and thereafter dismissed, the Restatement analysis and reason itself dictate that the trial court judgment reemerges with sufficient finality to permit the application of collateral estoppel. (Emphasis in original; court's footnote omitted.)

*Sandoval,* 140 Cal.App.3d at 936–37, 190 Cal. Rptr. at 32. *See also Kuykendall v. State Bd. of Equalization,* 22 Cal.App.4th 1194, 1207, 27 Cal.Rptr.2d 783, 789 (1994); Cal.Civ. Proc.Code § 1049[9].

■ Consequently, the Municipal Judgment could not have become final for collat-

---

8. "Since a void judgment is a nullity and subject to collateral attack at any time and in any court, it is of no effect either as a bar or as an estoppel". 40 Cal.Jur.3d (Rev.) Part 2, Judgments, § 132, p. 171, Bancroft–Whitney (1995). *See also In re Duncan,* 713 F.2d 538, 542 (9th Cir. 1983).

9. Cal.Civ.Pro.Code § 1049 (West 1980) provides: "An action is deemed to be pending from the time of its commencement until its final determination on appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied."

eral estoppel purposes under California law if time remained for Turner to move for a new trial or file an appeal. Here, Turner was stayed by § 362(a)(1) from doing so because of his chapter 7 petition[10]. *Ingersoll–Rand Financial Corp. v. Miller Mining Co.*, 817 F.2d 1424, 1426 (9th Cir.1987); *Parker v. Bain*, 68 F.3d 1131, 1135–36 (9th Cir.1995); *cf. Shah v. Glendale Federal Bank*, 44 Cal. App.4th 1371, 52 Cal.Rptr.2d 417 (1996) (bankruptcy petition did not stay an appeal by the debtor, when the debtor was the plaintiff below). Therefore, California's deadlines for filing of a motion for a new trial or a notice of appeal were tolled, which thereby precluded the Municipal Judgment from becoming final[11].

The bankruptcy court never addressed the tolling effect of § 362(a)(1), which dropped out as a consideration under its holding that § 108(b) trumped § 362(a)(1) and thereby limited the tolling period to 60 days[12]. Section 108(b), however, is inapplicable here. By its terms ("the trustee may ... file, cure, or perform ... before the later of ..."), its benefits are available only to trustees, and not to chapter 7 debtors. *Cunningham v. Healthco, Inc.*, 824 F.2d 1448, 1460 (5th Cir. 1987). Turner is a chapter 7 debtor, and not a trustee. Therefore, § 108(b), being inapplicable, could not trump § 362(a)(1). Thus, the deadlines for Turner to act have not passed, and the Municipal Judgment is not final for collateral estoppel purposes under California law.

It is true that if Turner wanted to prosecute a motion for a new trial or appeal the Municipal Judgment, he could have sought relief from the automatic stay. On the other hand, Wright, too, could have sought stay relief to start the running of California's time periods, and did not do so. In any case, because the automatic stay remained in force to toll the deadlines for new trial motions and appeals, we hold that the Municipal Judgment, even if valid, was not a final judgment for purposes of California's collateral estoppel rules.

## C. *Collateral Estoppel Effect of the General Jury Verdict.*

■ The final issue before us is whether the "identity of issues" requirement of California's collateral estoppel rules has been satisfied. Turner argues that the general jury verdict can have no collateral estoppel effect because it is ambiguous as to the specific issue that the jury decided.

We reject this argument. In *In re Giangrasso*, 145 B.R. 319 (9th Cir. BAP 1992), the Panel was faced with the identical argument, in the context of a general jury verdict on a complaint for fraud and conversion. The Panel held that collateral estoppel barred relitigation of the issues, because the complaint alleged facts which, under either theory, were sufficient to entitle the plaintiff to a nondischargeable judgment under § 523(a). *Id.* at 322.

■ The same principle applies here. Under § 523(a)(6), debts for "willful and malicious injury by the debtor to another entity" are excluded from the debtor's discharge. In *In re Cecchini*, 780 F.2d 1440 (9th Cir.1986), the court of appeals held that "willful and malicious" does not require a specific intent to injure. Rather, the plaintiff must show: (a) "a wrongful act ... done intentionally", (b) that "necessarily produces harm", (c) and

---

**10.** In fact, Turner filed a motion for a new trial in the municipal court. If it had not been stayed by § 362(a)(1), the motion, also, would have prevented the Municipal Judgment from becoming final until ruled upon by the municipal court.

**11.** Under California Rules of Court, Rule 122 (West 1996), the deadline for filing a notice of appeal in California is the earliest of: (a) 30 days after the date of mailing by the clerk of court of notice of entry of judgment, (b) 30 days after the date of mailing of notice by any party, or (c) 90 days after entry of judgment.

Under California Rules of Court, Rule 123 (West 1996), the filing of a notice of intention to move for a new trial within the time period provided by Rule 122 extends the deadline for filing a notice of appeal to specified periods that do not begin to run until the court has ruled on the motion for a new trial.

**12.** Section 108(b) does not mention notices of appeal. Nevertheless, some authority at the circuit level exists for its application to the filing of appeals, when time is running against a trustee (or a debtor in possession with the powers of a trustee), and for the proposition that in such cases, § 108(b) trumps § 362(a)(1). *See, e.g., Autoskill v. National Educational Support Systems*, 994 F.2d 1476, 1483–86 (10th Cir.1993).

is "without just cause or excuse." *Id.* at 1443.

Here, each of the five causes of action in Wright's municipal court complaint alleges facts sufficient to meet this test. This includes the fifth cause of action, which bears the heading in the complaint, "Negligent Infliction of Emotional Distress." Although the reference is to a "negligent" act, the fifth claim actually alleges Turner's intentional physical abuse of Wright, the resulting damage, and the fact that Turner "knew, or should have known, his failure to exercise due care, and the acts complained above, would cause plaintiff severe emotional distress." Thus, the negligence that Wright alleged was not Turner's negligent commission of a wrongful act. Rather, Wright alleged Turner's negligent failure to realize that his intentional wrongful act would cause Wright emotional distress. These allegations meet the three part *Cecchini* test.

We observe that the appellate record before us, unlike the appellate record in *Giangrasso,* does not include the applicable jury instructions. Given the fact that the jury awarded Wright punitive damages, however, and that such damages may not be awarded absent a finding by clear and convincing evidence of "oppression, fraud, or malice", California Civil Code § 3294(a) (West 1996), the omission does not change our conclusion.

We therefore hold that no matter which theory or theories the jury used to find liability, Turner's debt to Wright arising from the municipal court jury verdict is of the type covered by § 523(a)(6), and that this aspect of the bankruptcy court's ruling was not erroneous.

### CONCLUSION

For the reasons discussed above, we reverse and remand. On remand, the bankruptcy judge should determine whether the Municipal Judgment was effective notwithstanding the automatic stay under § 362(a)(1), or whether the automatic stay should be annulled to validate the Municipal Judgment.

The bankruptcy judge may also hear any motions to vacate or annul the automatic stay with respect to Turner's motion for a new trial, or to permit Turner to prosecute an appeal of the Municipal Judgment. The bankruptcy court may also consider any future motions for summary judgment, based on the collateral estoppel effect of the Municipal Judgment, if and when it becomes final. *See Sandoval,* 140 Cal.App.3d at 936–37, 190 Cal.Rptr. at 32.