In re Maquimary BONI, Debtor.

Ang Ung and Rith Oun, Appellants,

v.

Maquimary Boni, Appellee.

BAP No. CC–99–1085–TKB.
Bankruptcy No. LA 95–17750 SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 24, 1999.

Decided Sept. 30, 1999.

Scott Lee Shabel, Law Offices of Scott Lee Shabel, Los Angeles, CA, for Ang Ung and Rith Oun.

Paul Snyder, Newport Beach, CA, for Maquimary Boni.

Before TCHAIKOVSKY [1], KLEIN, and BRANDT, Bankruptcy Judges.

## OPINION

TCHAIKOVSKY, Bankruptcy Judge.

The appellants filed a motion to annul the automatic stay retroactively and for a determination that the appellants' claim against the debtor is excepted from her bankruptcy discharge on equitable estop-

1. Hon. Leslie Tchaikovsky, Bankruptcy Judge for the Northern District of California, sitting by designation.

pel grounds. The bankruptcy court denied the motion to annul the automatic stay and determined the debt to be discharged. We dismiss the appeal from the denial of the motion to annul as moot and reverse the determination that the claim has been discharged on procedural grounds.

## FACTS

In July 1994, appellants Rith Oun and Ang Ung (the "Creditors") filed a complaint against appellee Maquimary Boni (the "Debtor") and others in state court. The Debtor filed a cross-complaint against the Creditors. On March 27, 1995, the Debtor filed a chapter 7 bankruptcy petition. She did not list the Creditors' claims in her debt schedules, did not list her cross-complaint against the Creditors in her asset schedules, and did not list the state court action as pending litigation in her statement of financial affairs. The chapter 7 trustee filed a "no asset" report, and on July 13, 1995, the Debtor received a discharge.

The Debtor failed to inform either the Creditors or the state court of her bankruptcy when it occurred, and they failed to learn of it from any other source. Instead, the Debtor continued to defend the state court action and to prosecute her cross-complaint as if the bankruptcy had not occurred. A jury trial was conducted in the state court action in 1997. On April 29, 1997, the jury rendered a verdict against the Debtor for negligent misrepresentation in the principal amount of $148,-251.30. The state court issued a directed verdict against the Debtor on all of the other claims.[2] The record does not reflect whether the issues raised by the Debtor's cross-complaint were included in the jury trial. Neither the jury verdict nor the

judgment makes reference to any such claims.

After the jury issued its verdict, at a hearing in state court on May 29, 1997, the Debtor disclosed for the first time that she had filed a chapter 7 bankruptcy case and received a discharge in 1995. She contended that the automatic stay prevented the entry of judgment against her. The Creditors' attorney noted that the automatic stay was no longer in effect and contended that the issue was whether entry of the judgment would violate the discharge injunction of 11 U.S.C. § 524.

The state court judge decided to enter the judgment notwithstanding the Debtor's prior bankruptcy. He expressed the view that the Debtor had committed a fraud on the court by permitting the action to proceed and only informing the court of her bankruptcy discharge after she failed to prevail in the action. Moreover, he concluded that entry of the judgment was a mere ministerial act.[3] He did not presume to opine on whether the judgment would be effective given the Debtor's prior bankruptcy. The judgment in the state court action was entered on June 14, 1997.

On November 10, 1998, the Debtor filed a motion to reopen her bankruptcy case. The motion was granted on November 30, 1998. Shortly thereafter, the Creditors filed a motion to annul the automatic stay retroactively and to declare their claims excepted from the discharge on equitable estoppel grounds.

The bankruptcy judge denied the motion to annul the automatic stay and held that the Creditors' claims were discharged. He based his ruling on the fact that the Creditors obtained a judgment based on negligent misrepresentation, which would not

---

**2.** The jury was not permitted to consider a fraud claim against the Debtor because she had not been named as a defendant in connection with that claim.

**3.** Some courts have held that a mere ministerial act, such as the entry of a judgment that has already been announced, does not violate

the automatic stay or, if it does, would not give rise to a claim for damages. The same rationale may apply to ministerial acts with respect to discharged claims. However, the Ninth Circuit has not yet taken a position on this issue. *See In re Turner*, 204 B.R. 988, 991–92 (9th Cir. BAP 1997).

entitle them to except their claims from the Debtor's discharge.[4] *See* 11 U.S.C. § 523(a)(2), (4), (6). An order was duly entered denying the motion to annul the stay and declaring the Creditors' claims, as embodied in the state court judgment, discharged. The Creditors filed a timely notice of appeal from this order.

## ISSUES PRESENTED

I. Whether the bankruptcy court erroneously declined to annul the automatic stay.

II. Whether the bankruptcy court erred in determining that the creditor's claim had been discharged in the context of a motion.

## STANDARD OF REVIEW

■ Whether the automatic stay should be annulled is within a bankruptcy court's discretion. The denial of a motion to annul the automatic stay is reviewed for abuse of discretion. *See In re Kissinger,* 72 F.3d 107, 108 (9th Cir.1995), *cited in In re National Envt'l Waste Corp.,* 129 F.3d 1052, 1054 (9th Cir.1997). Whether the correct procedures were followed in determining the issue presented is a question of law which is reviewed *de novo. See In re Comm'l W. Fin. Corp.,* 761 F.2d 1329, 1334 (9th Cir.1985).

## DISCUSSION

### A. THE BANKRUPTCY COURT DID NOT ERRONEOUSLY DECLINE TO ANNUL THE AUTOMATIC STAY

■ The filing of a bankruptcy petition "operates as a stay . . . of . . . the . . . continuation . . . of a judicial . . . action . . . against the debtor that was . . . commenced before the commencement of the [bankruptcy] case. . . ." 11 U.S.C. § 362(a)(1). The stay of an act against the debtor that is covered by the automatic stay continues only until "the earliest of— (A) the time the case is closed; (B) the time the case is dismissed; or (C) if the case is a case under chapter 7 of this title concerning an individual . . . the time a discharge is granted or denied." 11 U.S.C. § 362(c)(2).[5] Actions taken in violation of the automatic stay are void. *See In re Schwartz,* 954 F.2d 569 (9th Cir. 1992). However, the court may grant relief from the automatic stay for cause after notice and hearing. *See* 11 U.S.C. § 362(d). One of the forms of relief expressly authorized by 11 U.S.C. § 362(d) is an annulment of the stay. *See id.* By annulling the automatic stay, the bankruptcy court may validate an act that would otherwise be void as a violation of the automatic stay.

■ As noted above, the state court action was filed in July 1994. The Debtor filed her bankruptcy petition in March 1995 and received her discharge in July 1995. The jury trial did not commence until 1997. At the oral argument on appeal, the parties conceded that nothing occurred in the state court action during 1995 while the automatic stay protecting the debtor was in force.

■ An issue is moot when the court is unable to fashion a remedy for the wrong. *In re Spirtos,* 992 F.2d 1004, 1006

---

**4.** Although we reverse the bankruptcy court's ruling that the Creditors' claims were discharged solely on procedural grounds, we note that the court's rationale for finding the claims discharged also appears erroneous. *See Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) (creditor who obtained stipulated judgment that did not specify basis for liability not barred from asserting that claim was incurred through fraud so as to except debt from debtor's subsequent bankruptcy discharge).

**5.** When the debtor receives a discharge, although the automatic stay of acts against the debtor expires, it is replaced by the discharge injunction. *See* 11 U.S.C. § 524(a). The discharge injunction enjoins a creditor whose claims have been discharged from attempting to collect its debt as a personal liability of the debtor and renders void any judgment on such a debt. *See* 11 U.S.C. § 524(a)(1), (2).

(9th Cir.1993), citing *In re Roberts Farms, Inc.*, 652 F.2d 793, 797 (9th Cir.1981). When an issue is moot, the court lacks jurisdiction to decide it. "The doctrine of mootness precludes federal court decision of 'questions that cannot affect the rights of litigants in the case before them.' *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971)." *In re Di Giorgio*, 134 F.3d 971, 974 (9th Cir.1998).

Since nothing occurred during this period, there was nothing for the bankruptcy court to validate by annulling the stay, nor were any damages incurred by the Creditors that the court could have ordered compensated.[6] Accordingly, the question of whether the automatic stay should be annulled was moot at the time the motion was presented to the bankruptcy court and remains moot today.

## B. BANKRUPTCY COURT ERRED IN DETERMINING WHETHER CREDITORS' CLAIMS HAD BEEN DISCHARGED IN MOTION CONTEXT

 The second issue presented by this appeal is whether a bankruptcy court may properly determine whether a debt has been discharged in bankruptcy in the context of a motion. Because we conclude that a bankruptcy court may not do so, we reverse that portion of the bankruptcy court's order declaring that the state court judgment is deemed discharged. Rule 7001(6) requires an adversary proceeding to determine the dischargeability of a debt. *See* Fed.R.Bankr.P. 7001(6); *In re Lyons*, 995 F.2d 923, 924 (9th Cir.1993) (sale of co-owned property); *In re Zale Corp.*, 62 F.3d 746, 762–63 (5th Cir.1995) (injunction).[7]

In *In re Laskin*, 222 B.R. 872, 874 (9th Cir. BAP 1998), we affirmed the bankruptcy court's denial of a motion to avoid a lien under 11 U.S.C. § 506(d) despite our conclusion that the dispute should have been decided in the context of an adversary proceeding. We noted that the appellant was the party who had raised the issue by motion and that the record had been adequately developed. *See id.* at 874. Here, although the Creditors were the ones who raised the issue of dischargeability by motion, the record was not adequately developed.[8]

There are numerous procedural differences between a motion and an adversary proceeding. *See Zale*, 62 F.3d at 762–66. For example, a motion comes before the court without the focus that results from the adversary proceeding's more formal pleading requirements and more structured pretrial process. *See* Fed. R.Bankr.P. 7007–10 & 7012–16, *incorporating* Fed.R.Civ.P. 7–10 & 12–16. More-

---

**6.** If the record clearly reflected that the Debtor had continued to prosecute the cross-complaint after filing her bankruptcy case, the Creditors' motion to annul the stay would not be moot. Section 362(a)(3) bars anyone other than the estate representative from exercising control over property of the estate. This stay remains in effect until the property is no longer property of the estate. *See* 11 U.S.C. § 362(c)(1). Because the Debtor failed to schedule the cross-complaint, it remained property of the estate even after the bankruptcy case was closed. *See* 11 U.S.C. § 554(d). However, the parties did not raise this issue, and the record is insufficient to permit us to address it.

**7.** A debtor may file a motion to obtain an order holding a creditor in contempt for violating the discharge injunction. *See* Fed. R.Bankr.P. 9020(b). However, the harsh remedy of contempt may not be appropriate when there is a bona fide dispute about whether the debt has been discharged. *See* Lauren A. Helbling and Christopher M. Klein, *The Emerging Harmless Innocent Omission Defense to Nondischargeability Under Bankruptcy Code § 523(a)(3)(A): Making Sense of the Confusion Over Reopening Cases and Amending Schedules to Add Omitted Debts*, 69 Am.Bankr.L.J. 33, 60–62 (1995).

**8.** At oral argument, the Creditors' counsel stated that, although the Debtor had no attorney of record in her bankruptcy case, she did have the advice of counsel. The Debtor's attorney objected to this statement on the ground that it referred to facts outside the record. The objection was well taken. However, it also demonstrated the inadequacy of the factual record presented to the bankruptcy court in connection with the motion.

over, the presentation of evidence at the hearing on the merits is more formal in the case of an adversary proceeding. *Compare* Fed.R.Civ.P. 43(a) (trial testimony), *with id.* 43(e) (evidence on motions), *incorporated by* Fed.R.Bankr.P. 9017; *see generally* Christopher M. Klein, "Bankruptcy Rules Made Easy: A Guide to the Federal Rules of Civil Procedure that Apply in Bankruptcy," 70 Am.Bankr.L.J. 301 (1996).

■ Some courts have held that a party may waive its right to proceed by adversary proceeding. *See Zale Corp.* at 763, *citing In re Village Mobile Homes, Inc.,* 947 F.2d 1282, 1283 (5th Cir.1991) *and In re Haber Oil Co.,* 12 F.3d 426, 440 (5th Cir.1994). Neither the Ninth Circuit nor this Panel has ruled on this question, and we need not, and do not, do so here. At a minimum, such a waiver requires that the parties be advised of and have an opportunity to address all the issues being decided.

Furthermore, the court must afford the parties the essential procedural protections of an adversary proceeding. *See Zale Corp.,* 62 F.3d at 763. Neither of these requirements was satisfied here. As stated in *Zale Corp.,* "this case demonstrates the 'difficulties that are apt to arise if the bankruptcy court too easily permits parties to circumvent the rules governing adversary proceedings.'" *Id.* at 766, *quoting Haber Oil,* 12 F.3d at 440.

By reversing that portion of the bankruptcy court's order determining the Creditors' claim discharged, we leave open the question of dischargeability for a future determination in an appropriate procedural context. Absent an efficacious waiver, that determination must be sought by filing a complaint, either in a bankruptcy court or in a state court with concurrent jurisdiction. *See* 28 U.S.C. § 1334(b); *In re Siragusa,* 27 F.3d 406, 408–09 (9th Cir. 1994) and *In re Renfro,* 164 B.R. 337, 339 n. 7 (Bankr.W.D.Wash.1994). We express no opinion on whether the Creditors' claim is excepted from the discharge by operation of 11 U.S.C. § 523(a)(3).[9] *See In re Beezley,* 994 F.2d 1433, 1435–36 (9th Cir. 1993). Similarly, we express no opinion on whether there is a nonstatutory exception to 11 U.S.C. § 523 and, if so, whether the Creditors' claims in this instance would qualify for such treatment. *See In re Raanan,* 181 B.R. 480 (Bankr.C.D.Cal. 1995); *see also Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 910–11 (6th Cir. 1993) (recognizing equitable estoppel exception to automatic stay).

## CONCLUSION

The bankruptcy court did not err in declining to annul the automatic stay. Because the issue presented was moot, the court had no jurisdiction to annul the stay. Therefore, we DISMISS the appeal from this portion of the court's order. However, the bankruptcy court did err in determining that the claims embodied in the state court judgment in favor of the Creditors and against the Debtor were discharged in the context of a motion. Such a determination requires an adversary pro-

---

9. Section 523(a)(3) of the Bankruptcy Code provides that:

(a) A discharge under section 727 ... of ... [the Bankruptcy Code] does not discharge an individual debtor from any debt—

. . . .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsec-

tion, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3).

ceeding. We REVERSE this portion of the court's order.