**IN RE: Kenneth Keith KILBOURNE, and Gale Lynn Kilbourne, Debtors.**

**Kenneth & Gale Kilbourne, On Behalf of Themselves and Others Similarly Situated, Plaintiffs,**

v.

**CitiMortgage, Inc., Defendant.**

**Case No. 07-53240**
**Adv. Pro. No. 13-02280**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed March 25, 2015

James E. Nobile, Michael B. Zieg, Nobile & Thompson Co., LPA, Hilliard, OH, for Plaintiffs.

J. Michael Debbeler, Graydon Head & Ritchey LLP, Nathan H. Blaske, Harry W. Cappel, Cincinnati, OH, Kim A. Leffert, Kim Ann Leffert, Mayer Brown LLP, Debra Bogo-Ernst, Chicago, IL, for Defendant.

## ORDER DENYING DEFENDANT CITIMORTGAGE, INC.'S MOTION TO STRIKE THE CLASS ALLEGATIONS IN THE AMENDED COMPLAINT

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for consideration of Defendant CitiMortgage, Inc.'s Motion to Strike the Class Allegations in the Amended Complaint (Doc. #41) (the "Motion") filed by Defendant, CitiMortgage, Inc. ("Citi"), the Plaintiffs' Memorandum in Opposition to Defendant CitiMortgage, Inc.'s Motion to Strike the Class Allegations in the Amended Complaint (Doc. #46) (the "Response") filed by the Plaintiffs, Kenneth and Gale Kilbourne (the "Debtors"), and the Defendant CitiMortgage, Inc.'s Reply in Support of Its Motion to Strike the Class Allegations in the Amended Complaint (Doc. #47) (the "Reply").

### I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A).

### II. BACKGROUND

The Amended Complaint alleges the following facts: On or around November 24, 2003, the Debtors executed a note and mortgage ("Mortgage Loan") with ABN AMRO Mortgage Group, Inc. ("ABN AMRO"). On April 30, 2007, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Debtors' Chapter 13 plan was confirmed on December 3, 2007, and pursuant to the confirmed plan, payments on the Mortgage Loan were to be made by "conduit" through the Chapter 13 Trustee. Shortly thereafter, Citi became successor in interest by merger with ABN AMRO, and began servicing the Mortgage Loan. On December 17, 2012 after completion of the plan, the Court entered an order deeming

the Mortgage Loan current ("Deem Mortgage Current Order"). The Deem Mortgage Current Order directed Citi to adjust the Mortgage Loan balance to reflect the balance delineated in the original amortization schedule as of November 2012. It further ordered that "[a]ny amounts in excess of that balance, including any alleged arrearages, costs, fees or interest" were discharged. On December 27, 2012, the Court entered an order granting the Debtors a discharge pursuant to 11 U.S.C. § 1328(a). On February 22, 2013, Citi's collection department sent a letter to the Debtors attempting to collect "delinquency expenses" in the amount of $427.61, which were posted to the Debtors' Mortgage Loan account during the pendency of their bankruptcy case. Mr. Kilbourne contacted a representative of Citi and explained that any such fees had been discharged, and therefore, Citi was not permitted to collect on the fees. However, the representative responded that Citi was within its rights to collect on the fees. On March 28, 2013, counsel for the Debtors sent a letter requesting that Citi cease and desist with any further collection of the fees. Citi did not respond to the letter. On May 22, 2013, Debtors refinanced the Mortgage Loan with another bank. The payoff statement provided by Citi indicated a June 1, 2013, Mortgage Loan payoff balance of $121,524, which included delinquency expenses of $1,612.50 and late charges of $427.61. Nonetheless, the Debtors went forward with the refinancing.

On August 19, 2013, the Debtors purportedly on behalf of themselves and others similarly situated, filed their Class Action Complaint ("Complaint") commencing this adversary proceeding. Citi filed an Answer (Doc. #20). Subsequently, on May 1, 2014, Citi filed Defendant CitiMortgage, Inc.'s Motion to Strike the Class Allegations in the Complaint (Doc. #25) (the "First Motion to Strike"). Thereafter, on July 16, 2014, the Debtors filed an Amended Class Action Complaint (the "Amended Complaint")[1], which rendered the First Motion to Strike moot. Citi filed the instant Motion whereby it requests that the class allegations in the Amended Complaint be stricken.

In brief, the Amended Complaint asserts that Citi has violated the discharge injunction imposed by § 524 of the Bankruptcy Code. The Debtors seek redress from this Court for Citi's alleged violations of the discharge order. In addition, the Debtors allege that there is sufficient number of other similarly situated debtors that experienced similar if not the same violations of the discharge injunction by Citi such that a district-wide class (the "Class") may be formed to seek redress for all its members as well.

Citi requests that this Court strike the Class allegations in the Amended Complaint on the basis that this Court does not have jurisdiction over the Class. Citi contends that contempt proceedings can only be heard and determined by the individual judge who presided over the matter. Thus, Citi argues, the Class allegations must be stricken since they include bankruptcy cases that were initially presided over by other judges. In addition, Citi requests that this Court strike the Class allegations in the Amended Complaint because the Class as defined in the Amended Complaint is ambiguous and fails to satisfy the requirements for establishing a class under Federal Rule of Civil Procedure 23, which is applicable in bankruptcy cases

---

1. The Amended Complaint only amended the Class Action portion of the Complaint. Among other things, the Amended Complaint deleted the allegation that a nationwide class exists, and instead, is limited to a class of debtors in the Southern District of Ohio.

through Federal Rule of Bankruptcy Procedure 7023.

## III. DISCUSSION

■■■ "Once an order granting a discharge is entered, § 524(a) of the Bankruptcy Code gives rise to an injunction . . . ." *Kreuz v. Fischer (In re Kreuz)*, 2014 WL 2765696, at \*2, 2014 Bankr. LEXIS 2667, \*5 (Bankr.N.D.Ohio 2014). That statute states in pertinent part:

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). With respect to discharged debts, this injunction replaces the automatic stay, set forth in § 362(a), of actions to pursue collection of debts from the debtor personally. *See Ung v. Boni (In re Boni)*, 240 B.R. 381, 384 n. 5 (9th Cir. B.A.P. 1999) ("When the debtor receives a discharge, although the automatic stay of acts against the debtor expires, it is replaced by the discharge injunction."); *In re Perviz*, 302 B.R. 357, 369 (Bankr.N.D.Ohio 2003) ("[Section] 524(a)(2) simply makes permanent what had previously been temporary under § 362(a)(6)."). Unlike § 362,[2] however, § 524 does not include an enforcement mechanism. As a result, damages are not available in private actions to enforce the discharge injunction. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir.2000). Rather, a debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court. *See*

*Pertuso*, 233 F.3d at 421 ("The obvious purpose [of § 524(a)(2)] is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings . . . ."). "A creditor that attempts collection of a discharged debt is in contempt of the bankruptcy court that issued the discharge, and that court can impose sanctions under Bankruptcy Code § 105." *Montano v. First Light Fed. Credit Union (In re Montano)*, 2007 WL 2688606, at \*2, 2007 Bankr. LEXIS 3125, \*5 (Bankr.D.N.M.2007).

### A. Jurisdiction to Determine Violations of the Discharge Injunction

■■■ In this case, Citi requests that the Class allegations be stricken because this Court lacks the jurisdiction to consider alleged violations of discharge injunctions entered by other judges in other cases. "As a general principle of law, only the court which issues an injunction has the authority to enforce it." *Beck v. Gold Key Lease, Inc. (In re Beck)*, 283 B.R. 163, 166 (Bankr.E.D.Pa.2002). 11 U.S.C. § "105 undoubtedly vests bankruptcy courts with statutory contempt powers[.]" *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir.2000). "[A] contempt proceeding [must] be initiated in the bankruptcy court which issued the discharge." *Kilbourne v. CitiMortgage, Inc. (In re Kilbourne)*, 507 B.R. 219, 222–223 (Bankr.S.D.Ohio 2014).

■■■ Citi asserts that bankruptcy judges do not have the power to bind other bankruptcy judges with their decisions even if they sit in the same judicial district, and thus, this Court cannot make a determination as to whether Citi's conduct in cases before the other seven judges in this district constitutes contempt. In support of

---

**2.** Under § 362(k), "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

this argument, Citi relies, *inter alia,* on this Court's prior Order Denying Defendant's Motion to Dismiss the Adversary Proceeding Complaint (Doc. #15) wherein this Court held that "the proper mechanism for redressing a violation of the discharge injunction is a contempt proceeding initiated in the bankruptcy court that issued the discharge." *Kilbourne,* 507 at 222,. To be true, Citi's argument assumes that the terms "court" and "judge" are synonymous. Citi's argument is misplaced under the circumstances in this case. "While, generally, only the court that issues the injunction may enforce it, the injunction is not personal to a specific judge of that court." *McNamee v. Nationstar Mortg., LLC (In re McNamee),* Ch. 7 Case No. 12–32578, Adv. No. 14–3027, Decision and Order of the Court: Dismissing Pl.-Debtor's Nationwide Class Action Allegations and Den. Remainder of Def. Nationstar's Mot. To Dismiss at 13, ECF No. 11 (S.D. Ohio October 2, 2014) (citing *Beck v. Gold Key Lease, Inc. (In re Beck),* 283 B.R. 163, 175 (Bankr.E.D.Pa.2002)). The Fifth Circuit Court of Appeals when confronted with a similar argument in the context of criminal contempt for alleged violations of an injunction (i.e., that only the judge that issued the injunction can make a determination as to a party's alleged violation of same) stated as follows:

The argument that Judge Sterling may not enforce Judge Seals's injunction also

fails. [The defendant] ... [argues] that enforcement of an injunction through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order. This statement is true enough. The problem lies in [the defendant's] attempt to equate the judge with the court. The ... injunction issued from the United States District Court for the Southern District of Texas and was not the personal command of Judge Seals, Judge Sterling, or any other judge on that court. Each judge of a multi-district court has the same power and authority as each other judge.

*United States v. Corn,* 836 F.2d 889, 892 (5th Cir.1988) (internal quotation marks and citations omitted). In the instant case, the Amended Complaint limits the Class to "all individuals similarly situated to the [Debtors] who ... filed for Chapter 13 bankruptcy in the Southern District of Ohio ... and were subsequently granted a discharge[.]" Accordingly, this Court has jurisdiction over the Class because it only includes discharge orders entered by judges in the same district as this Court.

## B. Requirements of Federal Rule of Civil Procedure 23

 Citi next argues that the Class allegations should be stricken because they fail to satisfy the requirements of Federal Rule of Civil Procedure 23 [3] ("Rule 23") for

---

3. Federal Rule of Civil Procedure 23 provides, in pertinent part, as follows:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
 (1) the class is so numerous that joinder of all members is impracticable;
 (2) there are questions of law or fact common to the class;
 (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.
(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:
 (1) prosecuting separate actions by or against individual class members would create a risk of:
 (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards

four reasons: (1) the Class is not identifiable and is ambiguous; (2) the Class fails to satisfy the commonality requirement; (3) the Class is not maintainable under one of the three prongs of Rule 23; and (4) the Debtors are not adequate representatives of the Class. "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir.2012) (internal quotation marks and citations omitted).

Rule 23 of the Federal Rules of Civil Procedure governs class actions in federal court. To obtain class certification, a claimant must satisfy two sets of requirements: (1) each of the four prerequisites under Rule 23(a), and (2) the prerequisites of one of the three types of class actions provided for by Rule 23(b).

*Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 945–946 (6th Cir.2011).

[A] district court should defer decision on class certification issues and allow discovery if the existing record is inadequate for resolving the relevant issues. This general rule does not apply if it is clear from the face of the complaint that a proposed class cannot satisfy the requirements of Rule 23. But if there has not been class discovery ... nor extensive briefing on class issues, it is appropriate to defer decision on reasonably contested class issues.

*Bearden v. Honeywell Int'l, Inc.*, 720 F.Supp.2d 932, 942 (M.D.Tenn.2010) (omission in original) (internal quotation marks and citations omitted).

■ In determining what standard to apply to a motion to strike class allegations, the court in *Bessette v. Avco·Fin. Servs.*, 279 B.R. 442, 450 (D.R.I.2002), stated as follows:

For purposes of a motion to strike class allegations, asserted prior to any discovery on the matter, this Court will employ the standard set forth in FRCP 12(b)(6), reviewing this motion as if it were a motion to dismiss. The Court employs this standard for two reasons. First, as this is the very onset of litigation ... it would be inappropriate to hold one part of the complaint—the class allegations—to a higher standard than another part—the substantive law allegations. ... For purposes of this motion, plaintiff has only alleged the exis-

of conduct for the party opposing the class; or
(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a)—(b).

tence of a class. It is not appropriate to require plaintiff to establish that she can maintain a class action under Rule 23 before plaintiff even attempts to do so. It would, however, be appropriate to dismiss for failure to properly allege facts sufficient to make out a class or that plaintiff could establish no facts to make out a class. Therefore, the Court will incorporate the standard of review for a 12(b)(6) motion to dismiss.

*Bessette*, 279 B.R. at 450 (citations omitted). This Court will also apply a motion to dismiss standard[4] when considering Citi's request to strike the Class allegations.

▇▇▇ The Amended Complaint defines the Class as follows:

The Putative Plaintiff Class is comprised of all individuals similarly situated to the Kilbournes who (1) filed for Chapter 13 bankruptcy in the Southern District of Ohio; (2) owed amounts to CitiMortgage, as servicer, holder, and/or successor in interest on debt secured by real property; (3) had a Chapter 13 Plan confirmed that required payments on said mortgage debt to be paid by the Chapter 13 Trustee during the pendency of their bankruptcy case; (4) completed their confirmed plan on or after August 19, 2008, and were subsequently granted a discharge; (5) had an order entered deeming the mortgage debt current; and (6) were sent collection correspondence from CitiMortgage seeking to recover arrearages, costs, fees, other charges, and/or interest that were accrued either pre-petition or during the pendency of their bankruptcy case.

Amended Complaint at 8 (Doc. #36).

Prior to review of the Rule 23(a) requirements, a court must first consider whether a precisely defined class exists and whether the named plaintiff is a member of the proposed class. Key elements to defining a class include: (1) specifying a particular group that was harmed during a particular time frame, in a particular location; in a particular way, and (2) facilitating a court's ability to ascertain its membership in some objective manner. The class definition is significant because it ... identifies the persons who are entitled to relief, bound by the final judgment, and entitled to notice under Rule 23(b)(3).

*Bent v. ABMD Ltd. (In re ABMD Ltd.)*, 439 B.R. 475, 482 (Bankr.S.D.Ohio 2010) (omission in original) (internal quotation marks and citations omitted). In the instant case, the Amended Complaint describes a particular group that was harmed (i.e., debtors who: (1) owed Citi on debt secured by real property; (2) filed chapter 13 bankruptcy cases; (3) had an order deeming mortgage current entered by the court; and (4) subsequently received a discharge) during a particular time frame (i.e., on or after August 19, 2008), in a particular location (i.e., Southern District

---

4. When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the facts articulated in the complaint must be taken in a light most favorable to the plaintiff and accepted as true. *Bovee v. Coopers & Lybrand CPA*, 272 F.3d 356, 360–61 (6th Cir. 2001). A motion to dismiss should be granted if the complaint lacks some factual context sufficient to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligations to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. The Court need not accept as true legal conclusions or unwarranted factual inferences. *Bovee*, 272 F.3d at 361. Therefore, the Plaintiff must allege facts (which should be taken as true) sufficient to suggest that a breach of duty or obligation occurred. *Bell Atlantic Corp.*, 550 U.S. at 555–56, 127 S.Ct. 1955.

of Ohio) and in a particular way (i.e., received collection correspondence from Citi seeking to recover fees or other charges that were accrued prior to the bankruptcy filing or during the pendency of the bankruptcy case), Reviewing the allegations in a light most favorable to the Debtors, the Court finds that the Debtors have alleged sufficient facts to define a class such that striking the Class allegations is not appropriate. It is not clear from the face of the Amended Complaint that the proposed class cannot satisfy the requirements of Rule 23. Therefore, at this point in the litigation, any determination regarding whether the Class is maintainable or whether Rule 23 requirements have been or can be satisfied is premature because the parties have not engaged in any discovery at this point. As a result, this Court will deny the present motion without prejudice to Citi asserting an objection to class certification after the parties have had an opportunity to engage in meaningful discovery.

### IV. CONCLUSION

In accordance with the foregoing, the Court finds that this Court has jurisdiction to consider the district-wide class action in this adversary proceeding, and the Debtors have alleged sufficient facts in the Amended Complaint to describe a prospective class. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant CitiMortgage, Inc.'s Motion to Strike the Class Allegations in the Amended Complaint (Doc. #41) is DENIED.

**IT IS SO ORDERED.**