**In re ABMD LIMITED, Debtor.**

**Scott Bent, et al., Plaintiffs**

**v.**

**ABMD Limited, Defendant.**

**Bankruptcy No. 09–30130.**
**Adversary No. 09–3367.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division at Dayton.

Nov. 17, 2010.

---

**480**

Ira H. Thomsen, Springboro, OH, Jack A. Raisner, Outten & Golden LLP, New York, NY, for Plaintiffs.

Donald J. Rafferty, Cohen, Todd, Kite & Stanford, LLC, Cincinnati, OH, Edward R. Young, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Memphis, TN, for Defendant.

## DECISION GRANTING PLAINTIFFS' MOTION (Adv. Doc. 17) AND CERTIFYING THE CLASS BUT MODIFYING THE CLASS DEFINITION AND REQUIRED FORM OF AND PROCEDURES FOR NOTIFICATION TO CLASS MEMBERS

LAWRENCE S. WALTER, Bankruptcy Judge.

This matter is before the court on the *Plaintiffs' Motion for Class Certification and Related Relief* (Adv. Doc. 17); *Defendant's Response to Plaintiffs' Motion for Class Certification and Related Relief* (Adv. Doc. 23); and *Plaintiffs' Reply to Defendant's Opposition to Motion for Class Certification and Related Relief* (Adv. Doc. 29). On July 7, 2010, the court held a status conference and, in conjunction with matters discussed, issued an order requiring the parties to review employment records and file a report with the court to aid in the determination of the potential numerosity of the putative class (Adv. Doc. 32). The parties prepared and filed two separate reports on August 13, 2010 (Adv. Docs. 34 and 35). Subsequently, the Defendant filed a responsive document (Adv. Doc. 36) on August 20, 2010 and a supplemental memorandum of law (Adv. Doc. 37) on September 24, 2010. The matter is now ready for disposition. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334, and the standing General Order of Reference in this District.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 19, 2009, Plaintiffs Scott Bent and John Boyd ("Plaintiffs") filed a class action adversary complaint (Adv. Doc. 1) ("Complaint") on behalf of themselves and other similarly situated former employees of Debtor–Defendant ABMD Limited ("Defendant"). In the Complaint, Plaintiffs assert that they, and the similarly situated former employees constituting 100 persons, were terminated without cause from one of Defendant's Facilities as part of, or the result of, mass layoffs or plant closings ordered by Defendant on or about December 30, 2008. The Plaintiffs further assert that they were not provided 60 days advance written notice of their terminations as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. ("WARN Act"). The Plaintiffs request relief under the WARN Act including 60 days of unpaid wages and benefits[1] as well as attorney fees.

Defendant filed an answer (Adv. Doc. 10) and amended answer (Adv. Doc. 27) ("Answer") with various denials and de-

---

1. Plaintiffs argue that the wages and unpaid benefits they request will be entitled to administrative or priority treatment in the Defendant's bankruptcy case.

fenses to the WARN Act claims. The defenses include that Defendant was not an "employer" of the Plaintiffs. Instead, the Defendant asserts that the Plaintiffs were employed by Mazer Corporation, a separate and distinct legal entity from Defendant ABMD. Further, Defendant asserts that ABMD and Mazer do not constitute a "single employer" as that term is used in conjunction with the WARN Act. In addition, Defendant raises various defenses in the WARN Act and related regulations including the "faltering company" exception in 29 U.S.C. § 2102(b)(1) and the "unforeseeable business circumstances" exception in 20 C.F.R. § 639.9(b). Defendant also asserts that the WARN Act's requirements do not apply to these Plaintiffs because the facilities at which they work constitute "separate sites of employment" and that any acts or omissions of the Defendant were in good faith.

Following the filing of the original answer, the Plaintiffs filed a Motion for Class Certification asserting that they and the similarly situated former employees meet the requirements of Fed. R. Bankr.P. 7023 for certification of their WARN Act claims as a class action. Plaintiffs request approval of their class definition, certification of the class and other relief including approval of the form and manner of notice to the class, the designation of Plaintiffs Scott Bent and John Boyd as Class Representatives and the appointment of Jack Raisner and René Roupinian of Outten & Golden LLP and Ira Thomsen as Class Counsel.

Defendant opposes the relief requested in the motion. Defendant asserts that class action certification should be denied based on many of the same defenses raised in the Answer as well as the failure of the Plaintiffs to meet the numerosity requirement in Fed.R.Civ.P. 23(a)(1). The court held a status conference during which it determined that Plaintiffs and Defendant needed to conduct a review of Mazer's employment records to obtain at least a preliminary number of affected employees. The parties conducted the review of Mazer's "unverified" employment records and filed separate reports with the court. In the reports, the parties agree that Mazer's records support a preliminary estimation that the number of active employees on Mazer's payroll as of or around December 30, 2008 totaled 293 with 257 of those employees residing in Ohio or Tennessee.

Defendant further asserts that, if the class is certified, the form and manner of notice to the class should be modified from what is proposed by the Plaintiffs to provide a more clearly defined class and to enhance potential class members' ability to understand the litigation and their options including the option to be excluded from the class if so desired.

### *LEGAL ANALYSIS*

### A. Standard for Class Certification

Plaintiffs seek class certification pursuant to Fed.R.Civ.P. 23 incorporated into bankruptcy adversary proceedings via Fed. R. Bankr.P. 7023. A plaintiff representative seeking certification of a class carries the burden of establishing that the following four prerequisites found in Rule 23(a) are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). If these Rule 23(a) prerequisites are satisfied, the plaintiff must further demonstrate that the class falls within one of the subcategories found

in Rule 23(b). *Violette v. P.A. Days, Inc.,* 214 F.R.D. 207, 211–12 (S.D.Ohio 2003) (citing *Senter v. General Motors Corp.,* 532 F.2d 511, 522 (6th Cir.1976)). Plaintiffs maintain that the class meets the requirements of the subcategory found in Rule 23(b)(3) making certification proper when a court finds that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3).

■■■ When determining whether a class action may be properly maintained, the court may not base its decision upon the merits of a plaintiff's claim but, instead, must conduct a "rigorous analysis" into whether the Rule 23 requirements are met. *See Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 560 (6th Cir.2007); *Thomas v. Moore USA, Inc.,* 194 F.R.D. 595, 597 (S.D.Ohio 1999). This does not mean, however, that the court may not delve into the factual and legal issues underlying the lawsuit to the extent that they are relevant to class action questions. *Thomas,* 194 F.R.D. at 597–98. Within the framework of Rule 23, the court has broad discretion in deciding whether a class should be certified. *Id.* at 597.

## B. Class Definition

■■■ Prior to review of the Rule 23(a) requirements, "a court must first consider whether a precisely defined class exists and whether the named plaintiff is a member of the proposed class." *Mann v. Acclaim Financial Servs., Inc.,* 232 F.R.D. 278, 282 (S.D.Ohio 2003). *See also Violette,* 214 F.R.D. at 212. "Key elements to defining a class include: '(1) specifying a particular group that was harmed during a particular time frame, in a particular location, in a particular way, and (2) facilitat-

ing a court's ability to ascertain its membership in some objective manner.'" *Violette,* 214 F.R.D. at 212 (further citation omitted). The class definition is significant because it "'... identifies the persons who are entitled to relief, bound by the final judgment, and entitled to notice under Rule 23(b)(3).'" *Miller v. Univ. of Cincinnati,* 241 F.R.D. 285, 287–88 (S.D.Ohio 2006) (further citation omitted) (noting that a properly defined class "ensures that those individuals actually harmed by a defendant's wrongful conduct will be the recipients of the awarded relief").

In this case, the Plaintiffs propose the following definition of their class:

> Persons who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about December 30, 2008, within 30 days of December 30, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendant on or about December 30, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not filed a timely request to opt-out of the class (the "Class").

(Adv. Doc. 17, p. 6).

■■■ Defendant argues that the time frame provided in this class definition is overbroad. The court disagrees. The time frame in the Plaintiffs' proposed class definition is adequately limited to terminations that occurred within 30 days of December 30, 2008 or in anticipation of or as a consequence of the mass layoff/plant closing ordered on or about December 30, 2008. This time frame takes into consideration the WARN Act's definition of a "plant closing" in 29 U.S.C. § 2101(a)(2) as well as the WARN Act's definition of an "affected employee" found in 29 U.S.C. § 2101(a)(5).

■ However, the court agrees with the Defendant that the Plaintiffs' proposed definition does not adequately limit the class to those employees who were actually harmed. More specifically, the proposed class is not limited to employees who failed to receive the appropriate advanced notice prior to their termination, the triggering event for potential employer liability under the WARN Act. *See* 29 U.S.C. §§ 2102 & 2104. For this reason, the class definition must be amended to limit the class to employees, "terminated without cause *and without receiving the advanced notice required by the WARN Act ....*" Identical or similar language has been included in other WARN Act class definitions. *See Georigi v. Recon Automotive Remanufacturers*, 2009 WL 1312607, at *5 (E.D.Pa. May 7, 2009) (defining the class as "All employees ... who were terminated without cause ... and who were not given sixty (60) days prior notice of termination."); *Kettell v. Bill Heard Enter., Inc. (In re Bill Heard Enter., Inc.)*, 400 B.R. 795, 806 (Bankr.N.D.Ala.2009) (certifying a class consisting of "former employees ... having been terminated from employment ... without receiving advanced notice as required by the WARN Act."); *Burgio v. Protected Vehicles, Inc. (In re Protected Vehicles, Inc.)*, 397 B.R. 339, 348 (Bankr. D.S.C.2008) (defining the class to include "[f]ormer employees ... having been discharged or terminated from employment without receiving any notice as required by the WARN Act....").

Next, the Defendant argues that the reference in the proposed class definition to employees who worked at one of the "Defendant's Facilities" is vague. The Defendant notes that the two named Plain-tiffs worked at only two specific locations: 6680 Poe Avenue in Dayton, Ohio and 183 Lynn Road in Johnson City, Tennessee. Yet, the Plaintiffs' reference to "Defendant's Facilities" in the proposed class definition and notice suggests that the Plaintiffs intend a broader class that includes employees who worked at or reported to other facilities operated by Mazer/ABMD.[2] Plaintiffs' responsive documents fail to clarify precisely which facilities are to be included but imply that they intend to include all of the facilities to which employees on Mazer's payroll reported at the time of the plant closures/mass layoffs. The court concludes that the reference to "Defendant's Facilities" in the proposed class definition would be best clarified through an addendum to the "Notice of Class Action" specifying the addresses for all of the facilities that the Plaintiffs intend to include in the class. Consequently, the court requires the Plaintiffs to attach an Addendum to the Notice of Class Action, in the form provided at the end of this decision, specifying the addresses of the "Defendant's Facilities" that the Plaintiffs intend to include in the class.[3]

With the required amendment to the class definition and the Addendum to the Notice of Class Action, the court is satisfied that the Plaintiffs' proposed class definition sufficiently identifies a "particular group that was harmed during a particular time frame, in a particular location, [and] in a particular way" and allows the court to ascertain its membership in an objective manner. As no one disputes that the two named class representatives, Scott Bent and John Boyd, are members of this class,

---

2. The Complaint identifies four facilities besides those employing the two named Plaintiffs (Adv. Doc. 1, ¶ 16).

3. The Addendum will define which locations constitute the "Defendant's Facilities" not only for the Class Definition, but also for defining that term as it is used in the Complaint.

the court may now turn to the requirements for class certification.

## C. Rule 23(a) Prerequisites

The court begins with the Rule 23(a) prerequisites which are commonly referred to as: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Sprague v. General Motors Corp.*, 133 F.3d 388, 396 (6th Cir.1998); *Miller*, 241 F.R.D. at 288.

### 1. Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied when the potential class members are "so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a)(1). There is no strict numerical requirement for numerosity to be satisfied. *Mann*, 232 F.R.D. at 283. Courts have certified classes with as few as 18 members. *Miller*, 241 F.R.D. at 288. Certification is almost routinely granted if the class numbers in the hundreds or thousands. *Id.* (noting that when the class size reaches substantial proportions, the impracticability requirement is usually satisfied by numbers alone).

The parties in this case have determined that the number of active employees on Mazer's payroll on or about December 30, 2008, the date of the alleged mass layoff or plant closures, totaled 293 across several states. These numbers are not mere speculation but are, instead, an estimation based on the parties' review of Mazer's employment records. *See Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (noting that while the exact number of class members need not be pleaded or proved, impracticability of joinder must be "positively shown" and "cannot be speculative"); *Eash v. Export Packaging Co., Inc.*, 2010 WL 3724770, at *2 (C.D.Ill. Sept.15, 2010). These numbers are sufficient to demonstrate the impracticability of joinder and courts have certified WARN

Act classes with similar numbers. *See, e.g., Georigi*, 2009 WL 1312607, at *3 (numerosity requirement satisfied with 150 potential members); *Finnan v. L.F. Rothschild & Co., Inc.*, 726 F.Supp. 460, 465 (S.D.N.Y.1989) (certifying potential class of at least 127 discharged employees); *Protected Vehicles, Inc.*, 397 B.R. at 343 (certifying class with 300 potential members 180 of which had filed proofs of claim). Indeed, WARN Act cases have been noted to be particularly amenable to class action lawsuits because the WARN Act is limited in application to companies which employ more than 100 employees and which lay off employees in groups of 50 or more. *Protected Vehicles, Inc.*, 397 B.R. at 343–44 (citing *In re Spring Ford Indus., Inc.*, 2004 WL 231010 (Bankr. E.D.Pa. Jan.20, 2004)).

Nonetheless, the Defendant argues that numerosity is not satisfied because the employees making up the potential class worked at different "sites of employment" as that term is used in the WARN Act and that those sites cannot be joined together in one class to establish the minimum number of affected employees to trigger WARN Act applicability. *See* 29 U.S.C. § 2101(a)(2) & (a)(5). However, determining what constitutes a single site of employment requires consideration of various factors such as geographical proximity of the facilities and operational purpose. *See* 20 C.F.R. § 639.3(i). The Plaintiffs note that these factors depend on facts not fully known or yet explored by the parties through discovery. Furthermore, there may exist circumstances in which employees at smaller facilities are protected under the WARN Act. *See Campbell v. A–P–A Transport Corp. (In re A–P–A Transport Corp.)*, 2005 WL 3077916, at *3 (D.N.J. Nov.16, 2005) ("Where those employees are terminated as the consequence of layoffs at facilities with 50 or more

employees, employees at the smaller facilities may be included in the plaintiff class.").

The Sixth Circuit has underscored that Rule 23 does not require an inquiry into the substantive merits of a plaintiff's suit. *Beattie*, 511 F.3d at 560. *See also Violette*, 214 F.R.D. at 212 (noting that the court should not inquire into the merits of the underlying claims but should instead accept as true the plaintiff's allegations in the complaint). Indeed, substantive WARN Act issues disputed in this case, such as which facilities constitute "a single site of employment," whether ABMD and Mazer are a "single employer," and which individuals are "affected employees," cannot be substantively addressed by this court prior to the parties engaging in the discovery process. *See A-P-A Transport Corp.*, 2005 WL 3077916, at *3 (noting that delving into the merits of a WARN Act claim, such as trying to determine who qualifies as an "affected employee," is premature at the class certification stage).[4]

Without delving into the substantive merits of the Plaintiffs' WARN Act claims, or the Defendant's defenses thereto, the court concludes that the Plaintiffs have satisfied the numerosity requirement set forth in Fed.R.Civ.P. 23(a)(1).

### 2. Commonality

For a class to be certified, there must be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). This requirement ensures that a class action device will save the resources of the court and parties by permitting an issue or issues potentially affecting every class member to be litigated in an economical fashion. *Miller*, 241 F.R.D. at 289. To satisfy this requirement, " 'there need only be a single issue common to all members of the class.' " *Id.* (further citation omitted). Generally, where the legality of a defendant's common course of conduct towards the class is at issue, the commonality component of class certification is met. *Id.; Violette*, 214 F.R.D. at 213 (noting that the commonality requirement will be satisfied as long as the members of the class have allegedly been affected by a general policy of the defendant and the general policy is the focus of the litigation).

Like other WARN Act cases, this component of class certification is easily met in this case. *See e.g., Bill Heard Enter., Inc.*, 400 B.R. at 802; *A-P-A Transport Corp.*,

4. The Defendant raises the possibility of postponing certification or at least a determination of the scope and size of the class until discovery can be conducted to allow these substantive WARN Act issues to be addressed citing as authority *Bledsoe v. Emery Worldwide Airlines*, 258 F.Supp.2d 780 (S.D.Ohio 2003). *Bledsoe* involved a WARN Act class action lawsuit in which the plaintiffs requested certification of a class of employees that was broader than what was contemplated in their most recently amended complaint. 258 F.Supp.2d at 800. The district court conditionally granted certification but postponed a decision on the scope of the class until after the plaintiffs sought leave to amend their complaint. *Id.* at 800–01. If the plaintiffs chose to amend·their complaint, the court further wanted to address the question of whether the added employees' facilities may be considered a "single site" under the WARN Act. *Id.* at 800–03. In this case, no amended complaint is presently requested or required. Furthermore, a viable alternative to postponing a determination of the scope of the class is to allow the Plaintiffs' class to be certified with the understanding that if a future motion is filed by the Defendant that tests the merits of the Plaintiffs' WARN Act claims, the court may revisit certification, refine the class scope or size, and/or create subclasses. *See* Fed.R.Civ.P. 23(c). *See also Whittum v. Saginaw Cnty.*, 2005 WL 3271810, at *6 (E.D.Mich. Nov.22, 2005) (noting that a class certification order is "inherently tentative" and a court may narrow, broaden or even de-certify a class any time before a final judgment is entered). The court determines that this latter approach is appropriate in the current case.

2005 WL 3077916, at *3–4. In the Complaint and the declarations attached to their motion to certify, the Plaintiffs assert that the potential class members are all former employees of ABMD and Mazer who were terminated on or about December 30, 2008 without 60 days advanced written notice when ABMD and Mazer shut down operations (Adv. Doc. 1, ¶¶ 1, 26; Adv. Doc. 17, Ex. A, *Declarations of Scott Bent and John Boyd*, ¶¶ 5–10). These facts raise common legal questions including but not limited to: 1) whether ABMD and Mazer may be a "single employer" for purposes of the WARN Act; 2) whether advanced written notice was given to the Plaintiffs; 3) whether any of the exceptions to the required 60 day notice raised as defenses by ABMD may apply; and 4) whether ABMD paid the Plaintiffs 60 days of wages and benefits. The commonality test is satisfied.

### 3. Typicality

The third requirement of Rule 23(a) is that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R.Civ.P. 23(a)(3). Rule 23 requires typicality to ensure that the named plaintiffs' interests align with those of the class. *Salvagne v. Fairfield Ford, Inc.*, 264 F.R.D. 321, 327 (S.D.Ohio 2009). The threshold for satisfying the requirement is a low one and does not require absolute homogeneity. *Id.* at 328; *Miller*, 241 F.R.D. at 289. Instead, a named plaintiff's claim is considered to be typical " 'if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members and, if his or her claims are based on the same legal theory.' " *Beattie*, 511 F.3d at 561 (further citation omitted).

In this case, the two named Plaintiffs allege a course of action on the part of the Defendant that resulted in a claim and injury that is common to them as well as the other class members, i.e., a mass termination of employment that was conducted in a manner that did not comply with the WARN Act (*See* Adv. Doc. 1, ¶¶ 1, 26; Adv. Doc. 17, Ex. A, *Declarations of Scott Bent and John Boyd*, ¶¶ 5–10). The court concludes that the typicality component for class certification is satisfied.

### 4. Adequacy of Representation

As the fourth prerequisite, the Plaintiffs must show that they will "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The adequacy inquiry has two prongs requiring the court to determine: 1) that class counsel is qualified, experienced and generally able to conduct the litigation; and 2) that the class representatives have common interests with the unnamed members of the class. *Beattie*, 511 F.3d at 562–63.

With respect to the first prong, the court is satisfied that the attorneys requesting to represent the Plaintiffs are well qualified to "vigorously prosecute the interests of class." *Id.* at 563. The Defendants do not dispute the qualifications of Jack Raisner and René Roupinian who have considerable WARN Act and class action experience or Ira Thomsen, a local bankruptcy practitioner with over twenty years of experience in the field (*See* Adv. Doc. 17, Ex. B, *Declaration of René Roupinian*, ¶ 17).

For the second component of adequacy, the class representatives must show that they do not have conflicts with the unnamed members they seek to represent. *Beattie*, 511 F.3d at 562. Thus, they must demonstrate that they possess the same interest and suffer the same injury as the class members. *Id.* The court has already noted that the named Plaintiffs share a common WARN Act claim and injury with the other class mem-

bers. *See Salvagne,* 264 F.R.D. at 328 (noting that the adequacy and typicality requirements overlap). In addition, no one disputes the named Plaintiffs' assertions that they have no conflicts of interest with the other members of the class (*See* Adv. Doc. 17, Ex. A, *Declarations of Scott Bent and John Boyd,* ¶ 12). The named Plaintiffs have demonstrated that they will fairly and adequately protect the interests of the class.

### D. Rule 23(b): Predominance and Superiority Requirements

Because the four Rule 23(a) prerequisites have been met, the court proceeds with a determination of whether the class action qualifies under one of the required subsections of Rule 23(b). In this case, the Plaintiffs assert that the class action satisfies Rule 23(b)(3) which allows a class action to be maintained if:

> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
>> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>>
>> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>>
>> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>>
>> (D) the likely difficulties in managing a class action.

Fed.R.Civ.P. 23(b)(3). The two elements of Rule 23(b)(3) are referred to as predominance and superiority. *Beattie,* 511 F.3d at 564–66; *Georigi,* 2009 WL 1312607, at *4.

### 1. Predominance

The Rule 23(b)(3) predominance inquiry tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Beattie,* 511 F.3d at 564. To satisfy this inquiry, the Plaintiffs must establish that " 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof.' " *Id.* (further citation omitted). Essentially, the predominance requirement of Rule 23(b)(3) parallels the commonality prerequisite of Rule 23(a)(2), "but subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues." *Violette,* 214 F.R.D. at 215.

The case at hand involves a single legal claim common to the class arising from common operative facts: the mass termination of employment without advance written warning in compliance with the WARN Act. *See Spring Ford Indus., Inc.,* 2004 WL 231010, at *9 (noting that "[i]n the context of alleged WARN Act violations, common issues will almost always predominate"). Furthermore, the majority of the defenses raised by the Defendants in the Answer, including whether ABMD and Mazer are a "single employer" and the applicability of the "faltering company" or "unforeseeable business circumstances" exceptions, are common to the entire class. It is true that certain defenses are more individualized, such as whether specific locations of the "Defendant's Facilities" have too few employees to be subject to the WARN Act. However, these issues do not predominate and do not defeat the propriety of the class action. *See Beattie,* 511 F.3d at 564 (noting that the fact that a defense " 'may arise and

may affect different class members differently does not compel a finding that individual issues predominate over common ones.' "). Neither is the class action defeated by individualized damage issues that may exist among the Plaintiffs. *Id.* The court concludes that the Plaintiffs have demonstrated that the common issues among the class are predominant.

### 2. Superiority

■ Next the Plaintiffs must demonstrate that the "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). Factors to consider in determining whether the superiority requirement is satisfied include: 1) whether individual lawsuits would yield small recoveries that do not provide incentive for individuals to bring a solo action; 2) whether litigation is pending in another court involving the same facts and parties; 3) potentials costs and judicial economy and efficiencies of proceeding within a single class action; 4) whether individuals who wish to proceed with their own litigation have an opportunity to opt-out of the class action. *See* Fed.R.Civ.P. 23(b); *Beattie,* 511 F.3d at 566–67; *Bledsoe v. Emery Worldwide Airlines,* 258 F.Supp.2d 780, 801–02 (S.D.Ohio 2003).

With these factors in mind, the court concludes that a class action is superior for the following reasons: 1) each individual class member's potential recovery is limited by the WARN Act to 60 days of wages and benefits; 2) the court has not been made aware of any pending litigation in other courts involving these same facts and parties; 3) costs will be limited and judicial economy will be served by resolving the common legal and factual disputes in one action; and 4) the court will ensure that individual Plaintiffs will have the opportunity to opt out of the class upon receiving notification of the action allowing them to control their own individual lawsuit if they so desire. Furthermore, class action adversary proceedings have been deemed an appropriate vehicle for handling WARN Act litigation in the context of a former employer's bankruptcy case. *See, e.g., Protected Vehicles, Inc.,* 397 B.R. 339; *Grady v. Quantegy, Inc. (In re Quantegy, Inc.),* 343 B.R. 689 (Bankr.M.D.Ala. 2006).

Because the Rule 23(a) prerequisites are met along with the predominance and superiority requirements of Rule 23(b)(3), the court will certify the proposed class and designate named Plaintiffs Scott Bent and John Boyd as Class Representatives.

### E. Appointment of Class Counsel

Rule 23(g) requires that a court certifying a class appoint class counsel. Fed. R.Civ.P. 23(g)(1). In appointing the class counsel, the court is directed to consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class[.]

Fed.R.Civ.P. 23(g)(1)(A). In addition, class counsel must fairly and adequately represent the interests of the class. Fed. R.Civ.P. 23(g)(4). The court may also consider other factors pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed.R.Civ.P. 23(g)(1)(B).

As previously noted, the court has already reviewed putative class counsel's experience and determined that the attorneys are knowledgeable of the applicable

law and well qualified to represent the class in this adversary proceeding. Further, following their retention by the class representatives, putative class counsel investigated and evaluated the class's potential WARN Act claims prior to filing the Complaint (*See* Adv. Doc. 17, Ex. B, *Declaration of René Roupinian*, ¶ 16). The court concludes that the attorneys meet the requirements of Rule 23(g). Consequently, the court appoints Jack Raisner and René Roupinian of Outten & Golden LLP and Ira Thomsen as Class Counsel.

### F. Notice to the Class

 Finally, Plaintiffs move this court for approval of the form and manner of notice to the class. Rule 23(c)(2)(B) provides that the court must direct to class members:

> ... the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed.R.Civ.P. 23(c)(2)(B). Pursuant to these factors, the notice must fairly apprise the prospective class members of the nature of the proceedings and the options that are open to them, including the option to "opt-out," in connection with the proceedings. Furthermore, the court may require that the language of the notice be phrased in an impartial manner. *Zarate v. Younglove*, 86 F.R.D. 80, 101 (C.D.Cal. 1980).

In the case at hand, the Plaintiffs submit their proposed Notice of Class Action ("Plaintiffs' Notice") that provides the definition of the class, summarizes the nature of the pending WARN Act litigation and the method for class members to "opt-out" of the class (*See* Adv. Doc. 17, Ex. C, *Notice of Class Action*). The Plaintiffs' Notice further provides that the class members may appear through their own counsel, if so desired (*Id.*). If a potential class member remains in the class, the Plaintiffs' Notice informs that the member will be bound by any judgment, favorable or unfavorable (*Id.*). The final sentences state that the court takes no position on the merits of the Plaintiffs' claims and provide the contact information of Plaintiffs' counsel (*Id.*).

The Defendant has concerns with the Plaintiffs' Notice, and, consequently, submits its own ("Defendant's Notice") as an alternative (*See* Adv. Doc. 23, Ex. 2, *Notice of Class Action*). The Defendant argues that Plaintiffs' Notice provides very little detail on the Defendant's defenses skewing the summary of the merits favorably to the Plaintiffs. Further, the Defendant asserts that the language is biased and in various places implies that certain legal issues, such as whether a WARN Act violation has occurred and whether Defendant and Mazer constitute a single employer, have already been determined. The Defendant urges the court to approve Defendant's Notice to take care of these concerns.

 The Plaintiffs reply that they did not detail Defendant's defenses in the Plaintiffs' Notice because their motion to

certify was filed before the Defendant answered the Complaint. That does not appear to be true from the court's review of the docket; the motion to certify was filed over three months after the Defendant originally answered the Complaint (*Compare* Adv. Doc. 10; Adv. Doc. 17). Regardless, the Answer has now been filed and a summary of the Defendant's defenses should be included in the notice so that potential class members are given an accurate and objective summary of the litigation, issues, claims, and defenses. After careful review of both the Plaintiffs' and Defendant's versions of the proposed notice and exclusion form, the court feels that both have elements that should be incorporated into a revised notice and exclusion form that will be sent to class members. Consequently, the court has revised these documents to incorporate the best elements of the proposals, as well as the court's revisions to the Class Definition and Addendum discussed in part B of this decision.[5] The court's revised Notice of Class Action, Addendum and Exclusion Form, attached to and incorporated into this decision, will be the notice required to be sent to the potential class members.

As a final matter, the court must determine the appropriate method of notice. The Plaintiffs propose to mail the required notice to class members via first class mail to the last known address of each class member. The court agrees, and the Defendant does not dispute, that the Plaintiffs' method for providing notice to the class is appropriate. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974); *A–P–A Transport Corp.*, 2005 WL 3077916, at *8 (noting that "[m]any courts have found

individual mailings to an individual's last know address to be appropriate").

However, the Defendant takes issue with the Plaintiffs' proposed method for a potential class member to "opt-out" of the class. The Plaintiffs would require any potential class member who wishes to be excluded from the class to return the exclusion form via certified mail. The Defendant argues that requiring certified mail is unduly burdensome and expensive for the potential class members. The court agrees with the Defendant. In order to opt-out of the class, the potential class members need only return the exclusion form using regular first class mail. The notice must further provide class members with at least 30 days from the date of mailing to opt-out of the class.

### CONCLUSION

For the reasons provided herein, the Court **grants** *Plaintiffs' Motion for Class Certification and Related Relief* (Adv. Doc. 17), with some modifications to the relief requested, and certifies the following class pursuant to Rule 23:

> Persons who worked at or reported to one of "Defendant's Facilities," as the term is defined in the Addendum attached to the Notice of Class Action, and were terminated without cause and without receiving the advanced notice required by the WARN Act, on or about December 30, 2008, within 30 days of December 30, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendant on or about December 30, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not submit-

---

**5.** In part B, the court required the Plaintiffs to revise the Class Definition and attach an Addendum to the Notice of Class Action to specify the addresses of the "Defendant's Facilities" that are intended to be part of the litigation.

ted a timely request to opt-out of the class (the "Class").

Further, the Court designates Plaintiffs Scott Bent and John Boyd as Class Representatives and appoints Jack Raisner and René Roupinian of Outten & Golden LLP and Ira Thomsen to serve as Class Counsel.

In addition, the Court approves the revised Notice of Class Action, Addendum and Exclusion Form that are attached to and incorporated into this decision as the notice required to be sent by the Plaintiffs to class members. The method of notice is to be first class mail to the last known address of each of the class members. First class mail is also the method approved for class members to return the exclusion form. Class members shall have at least 30 days from the date of mailing to opt-out of the class. A separate order conforming with this decision and including additional procedural requirements will follow.

**SO ORDERED.**

Appendix

*NOTICE OF CLASS ACTION*

*PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.*

TO: Former employees of the business known as Mazer Corporation who were terminated without cause in connection with the mass layoffs and/or plant closings that were carried out on or about December 30, 2008 at "Defendant's Facilities" as that term is defined in this Notice and the Addendum attached.

DATE: _____

*The Nature of the Action*

Scott Bent and John Boyd (the "Plaintiffs"), former employees of the business known as Mazer Corporation, which may constitute a single employer with Defendant ABMD Limited ("Defendant"), have filed a lawsuit in the United States Bankruptcy Court for the Southern District of Ohio against Defendant alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, et seq. (the "WARN Act"). Plaintiffs seek recovery of 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"), other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan. The name and case number of the lawsuit is *Scott Bent and John Boyd, on Behalf of Themselves and all Others Similarly Situated, Plaintiffs v. ABMD Limited, Defendant*, U.S. Bankr.Ct. S.D. Ohio, Adversary Proceeding No. 09–3367 ("the Action").

*The Issues and Defenses*

Plaintiffs claim that they and other similarly situated employees were terminated on or about December 30, 2008, while working at or reporting to one of "Defendant's Facilities" as that term is defined in the Addendum attached to this Notice, in violation of the WARN Act's requirements. Plaintiffs claim that Defendant, along with Mazer Corporation, were a "single employer" subject to the WARN Act, that Defendant carried out plant closings or mass layoffs at Defendant's Facilities, and that the members of the class were entitled to receive from Defendant 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to an administrative priority claim for 60 days' wages and benefits under ERISA, including the cost of medical expenses in-

curred during the employment loss which would have been covered under an employee benefit plan.

Defendant denies the material allegations of Plaintiffs' Complaint and opposes Plaintiffs' claim. Defendant also asserts several defenses including, but not limited to, the following: that Plaintiffs' claims are barred in whole or in part because Defendant did not employ Plaintiffs and was not a "single employer" with Mazer, that Defendant was a "faltering company" and/or experienced "unforeseeable business circumstances" as those terms are used in conjunction with the WARN Act, that the cessation of operations and termination of Plaintiffs' employment were prompted by decisions made by third parties, and that Defendant's acts or omissions that may be found to be a violation of the WARN Act were in good faith.

If the Action is successful, Class Members will be entitled to either an administrative expense claim in the bankruptcy court for their unpaid wages and ERISA benefits including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each day that they did not receive advance written notice of their impending termination, up to a maximum of 60 days, or an allowed wage priority claim up to the priority limit set forth in 11 U.S.C. § 507(a)(4) with the remainder as a general unsecured claim. Under the Bankruptcy Code, any such allowed claim up to the limit set forth in § 507(a)(4) less any amounts paid during the bankruptcy by the Debtor for pre-petition wages or benefits (vacation, severance and sick leave pay), will be assigned a higher priority than, and will be paid ahead of, general unsecured claims. The balance of such allowed claim will be a general unsecured claim.

If Plaintiffs cannot prove their claim, or if Defendant's defenses are found to be applicable and meritorious, the Class Members may recover nothing.

### The Definition of the Class

The court has recently certified this case as a Class Action and defined the Class as:

Persons who worked at or reported to one of "Defendant's Facilities," as the term is defined in the Addendum attached to the Notice of Class Action, and were terminated without cause and without receiving the advanced notice required by the WARN Act, on or about December 30, 2008, within 30 days of December 30, 2008, or in anticipation of, or as the foreseeable consequence of, the mass layoffs or plant closings ordered by Defendant on or about December 30, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and who have not submitted a timely request to opt-out of the class (the "Class").

### Class Counsel and Class Representatives

The Plaintiffs are represented by Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York, 10016, (212) 245–1000 and Ira H. Thomsen, 140 North Main Street, Suite A, Springboro, Ohio 45066. These firms have recently been appointed Class Counsel by the Court. The Court has also recently designated Plaintiffs Scott Bent and John Boyd as Class Representatives.

### What to Do

**If you wish to be a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive.** If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settle-

ment in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

**If you do NOT wish to participate in this Action and wish to be excluded and, thereby, reserve your rights under the WARN Act and NOT share in any potential recovery in the Action, check the box in the form below, and sign and mail that form by first class mail,** to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2010. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court takes no position regarding the merits of Plaintiffs' claims or Defendant's defenses. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden LLP at (212) 245–1000.

(Please see Addendum and Exclusion Form on the next pages.)

### *ADDENDUM*

"Defendant's Facilities," as that term is used in the Notice of Class Action and the Definition of the Class, include the following locations:

[Insert addresses of "Defendant's Facilities" that Plaintiffs wish to include in the Class Action]

### *EXCLUSION FORM*

### *BENT, et al. v. ABMD LIMITED*

Adv. No. 09–3367

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

... I do **not** want to participate in the above Class Action and do **not** wish to be bound by the outcome of the Class Action or receive any of the potential recovery of that Action.

. . . . . . . . . . . . . . . . . . . .

Signature

_____

Name (printed or typed)

_____

Date

_____

Address

_____

Telephone

Send completed form to:

Outten & Golden LLP

3 Park Avenue, 29th Floor

New York, New York 10016

Attn: René S. Roupinian

*Note:* This form should only be sent in the event that you wish to be excluded from the class.