IN RE: Terry Lee FORSON, Debtor.

**Terry Lee Forson, On Behalf of Himself and Others Similarly Situated, Plaintiffs,**

v.

**Nationstar Mortgage, LLC, Defendant.**

Case No. 08–61001
Adv. Pro. No. 15–02137

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed March 31, 2016

Troy J. Doucet, Bridget Marie Wasson, Doucet & Associates Co., LPA, Dublin, OH, for Plaintiffs.

Stephen A. Weigand, Cincinnati, OH, for Defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED NATIONWIDE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO STRIKE NATIONWIDE CLASS

C. Kathryn Preston, United States Bankruptcy Judge

This cause came on for consideration of the Motion to Dismiss Plaintiff's Amended Nationwide Class Allegations or, in the Alternative, to Strike Nationwide Class (Doc. 26), and the memorandum in support thereof (Doc. 27) (collectively, the "Motion"), filed by Defendant Nationstar Mortgage, LLC ("Defendant"). Plaintiff Terry Lee Forson ("Plaintiff") filed a memorandum in opposition to the Motion (Doc. 29) (the "Response") on December 10, 2015, and on December 21, 2015, Defendant filed a reply in further support of the Motion (Doc. 30).[1]

The Motion asserts that the Court lacks jurisdiction over the claims set forth in Plaintiff's Amended Class Action Complaint for Violation of § 524 (Doc. 25) (the "Amended Complaint") lodged on behalf of a putative nationwide class. Defendant therefore requests that the Court either dismiss such claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure[2], or strike the allegations lodged on behalf of the nationwide class under Civil Rule 12(f)[3]. Upon review, the Court finds Defendant's motion under Civil Rule 12(b)(1) well taken, and therefore the allegations lodged on behalf of the nationwide class must be dismissed.[4]

The Court has jurisdiction over bankruptcy matters pursuant to 28 U.S.C. § 1334 and General Order 05–02 entered by the United States District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. Venue in this Court is proper pursuant to 28 U.S.C. §§ 408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### I. Factual and Procedural Background

On or around September 19, 2007, Plaintiff executed a note and mortgage ("Mort-

1. On March 14, 2016, Plaintiff filed a supplement (Doc. 34) in support of his Response to Defendant's Motion. The supplement was filed without leave of Court, and thus, the Court did not consider the supplement, or any information contained therein or attached thereto, in making its determination on the Motion.

2. The Court will henceforth refer to a rule of the Federal Rules of Civil Procedure as a "Civil Rule," and a rule of the Federal Rules of Bankruptcy Procedure as a "Bankruptcy Rule."

3. Civil Rule 12(b)–(i) is made applicable to adversary proceedings by Bankruptcy Rule 7012(b).

4. Because the Court is granting Defendant's Motion under Civil Rule 12(b)(1), the Court will not address Defendant's alternative request under Civil Rule 12(f).

gage Loan") with Defendant in order to refinance a home located at 145 Craig Drive, Thornville, Ohio 40376. On November 7, 2008, Plaintiff filed a voluntary petition under Chapter 13 of the Bankruptcy Code[5]. According to Defendant's proof of claim filed March 18, 2009, as of commencement of Plaintiff s bankruptcy case, the Mortgage Loan had a balance of $123,817.31, which included an arrearage of $7,564.95. Plaintiff's confirmed Chapter 13 plan provided for payments on the Mortgage Loan to be made by "conduit" through the Chapter 13 Trustee. On June 19, 2013, the Court entered an order deeming the Mortgage Loan current as of May, 2013 (the "Mortgage Order"). The Mortgage Order also directed Defendant to adjust the Mortgage Loan balance to reflect the balance delineated in the original amortization schedule as of May, 2013, and ordered that any amounts in excess of that balance would be discharged. On June 21, 2013, the Court entered an order granting Plaintiff a discharge under 11 U.S.C. § 1328(a), and the bankruptcy case was closed on September 23, 2013. Upon a motion filed by Plaintiff, the Court reopened Plaintiff's bankruptcy case on May 12, 2015. On May 19, 2015, Plaintiff, purportedly on behalf of himself and others similarly situated, commenced this adversary proceeding.

Plaintiff's Amended Complaint, filed November 3, 2015, contends that Defendant failed to treat Plaintiff's Mortgage Loan as current following entry of the Mortgage Order and Plaintiff's discharge, and sets forth detailed allegations that Defendant attempted to collect, and actually collected, thousands of dollars in discharged fees from Plaintiff. The Amended Complaint further alleges that Defendant has a uniform set of policies and procedures to service mortgage loans, that Defendant has routinely failed to correct its records following a debtor's receipt of a Chapter 13 discharge, and that Defendant systemically collects and/or attempts to collect discharged debts from Chapter 13 debtors. Thus, Plaintiff also seeks relief on behalf of a nationwide class of debtors (the "Nationwide Class"), and a Southern District of Ohio districtwide class of debtors (the "Districtwide Class"), which the Amended Complaint defines as follows:

*Nationwide Class*:

All persons in the United States who have been debtors in confirmed, completed and discharged Chapter 13 Bankruptcy proceedings and who, after discharge, have had Nationstar collect or attempt to collect discharged fees, costs, arrearages, other charges and/or interest.

. . .

*[Districtwide] Class:*

All persons who (1) have been debtors in confirmed, completed and discharged Chapter 13 Bankruptcy proceedings in the Southern District of Ohio; (2) had an Order entered deeming their mortgage debt current; and (3) after discharge, have had Nationstar collect or attempt to collect discharged fees, costs, arrearages, other charges and/or interest.

Amended Complaint, ¶ 98. On behalf of Plaintiff, the Nationwide Class, and the Districtwide Class, the Amended Complaint requests an order finding Defendant in contempt, and seeks, along with other redress, an award of compensatory and punitive damages for Defendant's alleged violations of the discharge injunction imposed by 11 U.S.C. § 524.

---

**5.** Plaintiff filed the Chapter 13 case with joint debtor Tamara Ann Forson; however, on July 30, 2009, Tamara Ann Forson was voluntarily dismissed from the case. *See* Order Dismissing Chapter 13 Case (Tamara Ann Forson Only), Bankr.No. 08–61001 (ECF No. 61).

As stated above, Defendant's Motion requests that the Court dismiss or strike the allegations in the Amended Complaint lodged on behalf of the Nationwide Class. Defendant contends that the only remedy for violations of the discharge injunction are contempt proceedings, and that only the court that issued the injunction has jurisdiction over proceedings to enforce the injunction. Thus, because many of the putative members of the Nationwide Class had their discharge issued by a court other than the United States Bankruptcy Court for the Southern District of Ohio, Defendant maintains that this Court lacks subject-matter jurisdiction over any claims relating to violations of the discharge injunction lodged on behalf of the Nationwide Class.

## II. Standard under Civil Rule 12(b)(1)

Challenges to a court's subject-matter jurisdiction are governed by Civil Rule 12(b)(1). "Under [Civil] Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir.2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998)). Such challenges, brought[ pursuant to Civil Rule 12(b)(1), may be facial or factual attacks. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir.2012). "A facial attack happens when a defendant files a [Civil] Rule 12(b)(1) motion without accompanying evidence." *Jackson v. Texas Southern Univ.*, 997 F.Supp.2d 613, 620 (S.D.Tex.2014) (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981)). "Under a facial attack, all of the allega-

tions in the complaint must be taken as true, much as with a [Civil] Rule 12(b)(6) motion." *Outokumpu*, 673 F.3d at 440 (citing *Gentek Bldg. Prod., Inc. v. Sherwin–Williams Co.*, 491 F.3d 320, 330 (6th Cir.2007)). "Under a factual attack, however, the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996)). In the instant case, Defendant presents only a facial challenge to this Court's subject-matter jurisdiction over the claims of the Nationwide Class.

## III. Analysis

▮ Upon entry of a debtor's discharge, § 524(a) of the Bankruptcy Code gives rise to an injunction. *Kreuz v. Fischer (In re Kreuz)*, 2014 WL 2765696, *2, 2014 Bankr.LEXIS 2667, *5 (Bankr.N.D.Ohio 2014). That statute provides, in pertinent part:

> (a) A discharge in a case under this title—
>
> > (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any [discharged] debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). With respect to discharged debts, this injunction replaces the automatic stay, set forth in § 362(a), of actions to pursue collection of debts from the debtor. *See Ung v. Boni (In re Boni)*, 240 B.R. 381, 384 n. 5 (9th Cir. BAP1999). Unlike § 362[6], however, § 524 does not create a private right of action to recover damages for violations of the discharge injunction. *See Pertuso v. Ford Motor*

---

**6.** Pursuant to § 362(k), "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).

*Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000). Rather, a debtor's only recourse for violation of the discharge injunction is to request that the offending party be held in contempt of court. *Id.* at 421 ("The obvious purpose [of § 524(a)(2) ] is to enjoin the proscribed conduct—and the traditional remedy for violation of an injunction lies in contempt proceedings[.]").

■ A contempt proceeding resulting from a violation of an order or injunction may only be maintained in the court that issued the order or injunction that was violated. *See Bedel v. Thompson,* 956 F.2d 1164, 1992 WL 44883, \*4 (6th Cir. March 4, 1992). This is because contempt is an affront to the particular court that issued the order or injunction. *Id.* Moreover, this limitation on the power to enforce compliance with, and punish contempt of an order or injunction is jurisdictional. *Green Point Credit, LLC v. McLean (In re McLean),* 794 F.3d 1313, 1318–19 (11th Cir.2015) ("It is settled that the court that issued the injunctive order alone possesses the power to enforce compliance with and punish contempt of that order, and this power to sanction contempt is jurisdictional." (internal quotation marks omitted)). Thus, this court lacks jurisdiction over the claims of the Nationwide Class because otherwise the Court would be required to rule upon violations of discharges issued by other courts. *Motichko v. Premium Asset Recovery Corp. (In re Motichko),* 395 B.R. 25, 30 (Bankr.N.D.Ohio 2008). *See also Cox v. Zale Del., Inc.,* 239 F.3d 910, 917 (7th Cir.2001) ("[A]ffirmative relief can be sought only in the bankruptcy court that issued the discharge."); *McNamee v. Nationstar Mortg., LLC (In re McNamee),* Adv. No. 14–3027, Decision and Order of the Court: Dismissing Pl.–Debtor's Nationwide Class Action Allegations and Den. Remainder of Def. Nationstar's Mot. To Dismiss at 13 (ECF No. 11) (Bankr. S.D.Ohio October 2, 2014) (holding that the court lacks jurisdiction over a nationwide class in an action to remedy violations of the discharge injunction).

Plaintiff attempts to distinguish the discharge injunction imposed by § 524 from other types of orders or injunctions. Plaintiff correctly notes that the discharge injunction is not an individualized, court-specific order, but is instead a statutorily imposed injunction that has the same effect in every bankruptcy nationwide. Plaintiff therefore argues that actions for violations of the discharge injunctions are more amendable to a nationwide class.

■ In support of his position, Plaintiff cites *Haynes v. Chase Bank USA, N.A.,* No. 13–8370, 2014 WL 3608891 (Bankr. S.D.N.Y. July 22, 2014). The *Haynes* court held that violations of the discharge injunction may be remedied not only through the court's inherent contempt power, but through the court's statutory contempt power under 11 U.S.C. § 105(a) [7], and that such statutory contempt power affords the court jurisdiction over a nationwide class. *Id.* at \*9. However, the proposition that § 105(a) may be invoked to remedy violations of § 524 was unambiguously rejected by the Sixth Circuit Court of Appeals in *Pertuso. See Pertuso,* 233 F.3d at 423. Thus, at least with respect to courts in the Sixth Circuit, 11 U.S.C. § 105(a) cannot bestow on a court the statutory power or jurisdiction over nationwide class actions to remedy violations of the discharge injunction.

---

7. Section 105(a) provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appro-priate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Plaintiff additionally argues that Bankruptcy Rule 7023, which makes Civil Rule 23 [8] applicable to adversary proceedings, "implies bankruptcy courts have authority over nationwide class actions" and that "[i]f this Court were not able to assert subject matter [jurisdiction] over a nationwide class of debtors, [Bankruptcy] Rule 7023 would essentially have no meaning or purpose." Response, 8. Plaintiff provides no further explanation of this argument, and, as the Bankruptcy Rules cannot "be construed to extend or limit the jurisdiction of the courts," Plaintiff's argument is without merit. Fed. R. Bankr. P. 9030.

Furthermore, this ruling merely limits the scope of a putative class only with respect to proceedings seeking to remedy violations of the discharge injunction. Bankruptcy Rule 7023 and Civil Rule 23 may yet be implicated in this matter should Plaintiff continue to prosecute this case on behalf of the Districtwide Class. *See McNamee*, Adv. No. 14–3027, at 13 (noting that dismissal of the claims of the nationwide class does not eliminate the debtor's ability to maintain a districtwide class action). In addition, Bankruptcy Rule 7023 and Civil Rule 23 have been successfully utilized in bankruptcy cases other than proceedings seeking to remedy violations of § 524. *See, e.g., In re CommonPoint Mortg. Co.*, 283 B.R. 469 (Bankr.W.D.Mich.2002) (certifying a class for the purpose of filing, and litigating issues related to, a proof of claim); *Bent v. ABMD, Ltd. (In re ABMD, Ltd.)*, 439 B.R. 475 (Bankr.S.D.Ohio 2010) (certifying a class of a debtor's former employees in an action for relief pursuant to the Worker Adjustment and Retraining Notification Act). Thus, Bankruptcy Rule 7023 is not rendered meaningless by a court's inability to assert jurisdiction over a nationwide class in an action to redress violations of the discharge injunction imposed by § 524.

## IV. Conclusion

Based on the foregoing, the Court finds that it lacks subject-matter jurisdiction over the claims in the Amended Complaint lodged on behalf of the Nationwide Class, and that such claims must be dismissed in accordance with Defendant's request under Civil Rule 12(b)(1). Therefore, it is

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Amended Nationwide Class Allegations (Doc. 26) is GRANTED. This renders moot Defendant's Motion seeking, in the alternative, to strike the Nationwide Class allegations. It is further

**ORDERED AND ADJUDGED** that the claims and allegations in Plaintiff's Amended Complaint lodged on behalf of the Nationwide Class are hereby DISMISSED.

**IT IS SO ORDERED.**

---

8. Civil Rule 23 sets forth the prerequisites and procedural requirements for maintaining and prosecuting a class action.